107 Ill. App.3d 190 (1982)
437 N.E.2d 663
UNITED STATES FIDELITY & GUARANTY COMPANY, Plaintiff-Appellee,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Defendants.  (CORNESHIA BARRON, a Minor, by Gloria Barron et al., her Parents and Next Friends, et al., Defendants-Appellants.)
No. 80-559.
Illinois Appellate Court  First District (3rd Division).
Opinion filed March 31, 1982.
Rehearing denied July 6, 1982.
Ronald H. Balson and John P. Block, both of Chicago, and Imming, Faber & Roeser, Chartered, of Elgin (Robert J. Anderson and Stephen M. Deitsch, of Callum, Anderson & Deitsch, of counsel), for appellants.
Kralovec, Marquard, Doyle, Gibbons & Fraterrigo, Chartered, of Chicago (Michael T. Sprengnether, of counsel), for appellee.
Reversed and remanded.
JUSTICE RIZZI delivered the opinion of the court:
Plaintiff, United States Fidelity & Guaranty Company, brought a declaratory judgment action against defendants to determine whether it owes a defense and coverage under an insurance policy it issued to defendant Happyland Day Care Center. The trial court granted USF&G's motion for summary judgment, ruling that there is no coverage under the policy. We reverse and remand.
The underlying complaint alleges a personal injury action brought on behalf of Corneshia Barron, a four-year-old minor, against Laura B. Hargis, individually and d/b/a Happyland Day Care Center, and Patricia Peterson. Hargis was the owner and operator of the Happyland Day Care Center, which Barron attended. Peterson was an employee of Happyland. On September 30, 1975, Peterson transported some children who attended *191 Happyland to a dance class in an automobile owned by Happyland. Barron was injured when she "fell from, was thrown from, or otherwise exited" the automobile.
In count I of Barron's complaint, it is alleged that defendants were negligent in operating the day care center; in failing to provide sufficient personnel to adequately care for the children; in failing to retain sufficient control and discipline over the children; and in failing to provide adequate supervision for the children. In count II of the complaint, it is alleged that defendants negligently operated the automobile; failed to provide sufficient personnel; failed to retain sufficient control and discipline over the children; violated the Municipal Code of Chicago in that the automobile was not equipped with safety devices which would make it impossible for a passenger to open the vehicle from the inside; failed to operate the automobile properly and with sufficient regard for the care and safety of its passengers; and failed to provide adequate safety devices to prevent injury to plaintiff.
On the date of the occurrence, an insurance policy issued by State Farm Mutual Insurance Company on the subject automobile was in effect. State Farm tendered the defense of count I to USF&G, which had issued a special multi-peril insurance policy to Happyland Day Care Center. USF&G assumed the defense of count I under a reservation of rights.
USF&G then brought this declaratory judgment action, seeking a declaration that there is no coverage because of an exclusion in the policy. The policy provides:
"The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental to the business of the named insured conducted at or from the insured premises."
The exclusion on which USF&G relies states:
"This insurance does not apply
* * *
(b) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of
(1) any automobile or aircraft owned or operated by or rented or loaned to any insured, or
(2) any other automobile or aircraft operated by any person in the course of his employment by any insured."
*192 Defendants argue that USF&G has a duty to defend since the underlying complaint includes allegations which are not related to the operation or use of the automobile, such as negligent operation of the day care center and negligent supervision of the children. They contend that these allegations are within the coverage of the policy and that coverage should not be excluded merely because an automobile was the site of the occurrence. USF&G, on the other hand, argues that regardless of the allegations of negligence or proximate cause, there is no coverage for injuries resulting from the operation or use of an automobile and that the injury could not have occurred without the operation or use of an automobile.
As to the broad issue presented by this case, courts in other jurisdictions have reached different results under varying factual situations. However, we are persuaded by the reasoning and conclusions of the courts in State Farm Mutual Automobile Insurance Co. v. Partridge (1973), 10 Cal.3d 94, 514 P.2d 123, 109 Cal. Rptr. 811, Johns v. State Farm Fire & Casualty Co. (La. App. 1977), 349 So.2d 481, and Frazier v. State Farm Mutual Automobile Insurance Co. (La. App. 1977), 347 So.2d 1275, where coverage was found.
In Partridge, the insured had filed the trigger mechanism of his hunting pistol. While on a hunting trip in his vehicle, the insured drove off the paved road onto the adjacent rough terrain. The vehicle hit a bump, and the pistol discharged, injuring one of the passengers. The trial court found that the insured had been negligent in modifying his gun and in driving the vehicle. The trial court further found that the two negligent acts were independent, concurrent proximate causes of the passenger's injuries. The insured's homeowners policy contained an exclusion for "bodily injury * * * arising out of the * * * use of * * * any motor vehicle." In determining that the homeowners policy did provide coverage, the court stated:
"[A]lthough the homeowner's policy excluded injuries `arising out of the use' of an automobile, such exclusion does not preclude coverage when an accident results from the concurrence of a non-auto-related cause and an auto-related cause. The comprehensive personal liability coverage of the homeowner's policy affords the insured protection for liability accruing generally from non-auto-related risks. Whenever such a non-auto risk is a proximate cause of an injury, liability attaches to the insured, and coverage for such liability should naturally follow. Coverage cannot be defeated simply because a separate excluded risk constitutes an additional cause of the injury." 10 Cal.3d 94, 97, 514 P.2d 123, 125, 109 Cal. Rptr. 811, 817.
"In the instant case, * * * although the accident occurred in a vehicle, the insured's negligent modification of the gun suffices, in *193 itself, to render him fully liable for the resulting injuries. Under these facts the damages to Vanida are, under the language of the homeowner's coverage clause, `sums which the Insured ... [became] legally obligated to pay' because of the negligent filing of the trigger mechanism; inasmuch as the liability of the insured arises from his non-auto-related conduct, and exists independently of any `use' of his car, we believe the homeowner's policy covers that liability." (10 Cal.3d 94, 103, 514 P.2d 123, 125, 129, 109 Cal. Rptr. 811, 817.)
See also 7A Appleman, Insurance § 4500, at 179 (1979).
In Johns, plaintiff was attempting to remove a dead limb from a tree and was injured when a safety rope broke. One end of the rope was attached around plaintiff's waist, and the other end was secured to an operating automobile. In his complaint, plaintiff alleged the negligence of the owner of the premises as well as the negligence of the owner's son, who was the driver of the car. In determining that summary judgment in favor of the insurer was improperly granted, the court stated:
"[W]e note that in Hurston v. Dufour, * * * the First Circuit * * * recognized the soundness of the legal proposition espoused in State Farm Mutual Automobile Insurance Company v. Partridge * * * to the effect that if liability arises from two sources, namely a non-auto related incident as well as an auto related occurrence, the mere fact that one source is excluded under the homeowners policy does not render the homeowners coverage ineffective if the other source of liability is included thereunder.
* * *
A review of plaintiff's petition in this matter reveals that petitioner seeks recovery not only for the alleged negligent acts of [the driver] in failing to properly operate the vehicle but also for certain alleged negligent acts of [the owner] unrelated to the operation or use of the vehicle.
* * *
Clearly plaintiff's petition charges [the owner] with acts of negligence which are completely independent of and totally unrelated to his ownership and use of the vehicle herein involved. * * * [I]f it be determined that [the owner] was guilty of these alleged acts of negligence which are independent of and unconnected with the use of the vehicle then the insurance coverage applicable would be under [the owner's] homeowner's policy." 349 So.2d 481, 484-85.
Finally, in Frazier, suit was brought by the mother of a small child who was injured when run over by an automobile driven by the insured's daughter. The insureds were babysitting for the child at the time of the accident. The petition alleged negligence of the insureds in not properly *194 attending to the child while babysitting and negligence of the insured's daughter in operating the automobile. The insurance company argued that the claim was excepted from the homeowners policy because the generating source of the accident was the alleged negligent operation of the automobile. The court pointed out that the petition alleged two distinct causes of action and held that the insurance company could be held liable for the alleged negligence of the insureds even though under the exclusionary clause, the policy did not afford coverage for the operation of the automobile.
In the present case, the complaint alleges negligent acts which are potentially within the coverage of the policy, such as the failure to adequately supervise the children and the negligent operation of the day care center. These alleged acts are separate and distinct from any allegations relating to the negligent operation of the automobile.[1] If it is ultimately determined that the insureds are guilty of these acts, USF&G could be liable under the policy.[2] In other words, if the liability of an insured arises from negligent acts which constitute non-auto-related conduct, the policy should be applicable regardless of the automobile exclusion or the fact that an automobile was involved in the occurrence. If an occurrence is caused by a risk included within the policy, coverage is not vitiated merely because a separate excluded risk constitutes an additional cause of the occurrence.
 1-3 Accordingly, we conclude that the complaint in the instant case contains theories of recovery which are potentially within the policy coverage. If a complaint sets forth allegations which are within or potentially within the coverage of the policy, the insurer must defend the action. (Thornton v. Paul (1978), 74 Ill.2d 132, 144, 384 N.E.2d 335, 339; La Rotunda v. Royal Globe Insurance Co. (1980), 87 Ill. App.3d 446, 451, 408 N.E.2d 928, 933; Hawkeye Security Insurance Co. v. Hodorowicz (1980), 84 Ill. App.3d 948, 952, 406 N.E.2d 146, 149.) Moreover, the duty to defend extends to cases where the complaint alleges several causes of action or theories of recovery against an insured even if only one or some of them are within the policy coverage. (Maryland Casualty Co. v. Peppers (1976), 64 Ill.2d 187, 194, 355 N.E.2d 24, 28; Aetna Insurance Co. v. *195 Janson (1978), 60 Ill. App.3d 957, 960, 377 N.E.2d 296, 298-99.) Also, the insurer may safely refuse to defend only when the allegations clearly show that the claim alleged is beyond coverage. (La Rotunda v. Royal Globe Insurance Co. (1980), 87 Ill. App.3d 446, 451, 408 N.E.2d 928, 933; Reis v. Aetna Casualty & Surety Co. (1978), 69 Ill. App.3d 777, 784, 387 N.E.2d 700, 706; Tiffiny Decorating Co. v. General Accident Fire & Life Assurance Corp. (1973), 12 Ill. App.3d 597, 600, 299 N.E.2d 378, 380.) Since the allegations of the complaint in the present case do not clearly show that the claims are beyond coverage, USF&G is obligated to defend its insureds.
The summary judgment in favor of USF&G is therefore reversed, and the case is remanded for further proceedings consistent with what is stated herein.
Reversed and remanded.
McNAMARA and McGILLICUDDY, JJ., concur.
NOTES
[1] But cf. State Farm Fire & Casualty Co. v. McGlawn (1980), 84 Ill. App.3d 107, 404 N.E.2d 1122, where the court determined that a similar exclusion precluded coverage where the complaint alleged negligent entrustment by the insured and negligent operation of an automobile by the insured's son. The court based its conclusion on cases holding that because negligence with an automobile is a necessary part of the proof required in a negligent entrustment action, the actual actionable event was negligence involving a motor vehicle. One judge dissented, concluding that the insurance company had a duty to defend since negligent entrustment is a separate and distinct tort, and injuries resulting from such entrustment do not arise out of the use or operation of the automobile.
[2] Contrary to USF&G's assertion, the fact that Barron was injured away from the insured premises is not controlling here.