UNITED STATES FIDELITY AND GUARANTY COMPANY, Plaintiff-Appellee, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 84—1091

Opinion filed January 21, 1987.

Kralovec, Marquard, Doyle & Gibbons, Chartered, of Chicago (Nancy Jo Arnold, Michael T. Sprengnether, and Henry J. Marquard, of counsel), for appellant.

Charles J. Aron & Associates, P.C., of Chicago, for appellee Corneshia Barron.

Bennie E. Martin, of Chicago, for appellee Laura B. Hargis.

JUSTICE RIZZI delivered the opinion of the court:

This is an appeal from a declaratory judgment action. The trial court entered a judgment declaring that an insurance policy issued by plaintiff, United States Fidelity and Guaranty Company (USF&G), to defendant Laura B. Hargis, individually and d/b/a Happyland Day Care Center, provided coverage for injuries sustained by Corneshia Barron, a child who fell from a station wagon owned by Happyland. In the judgment, the trial court also granted motions to dismiss filed by defendants Hargis, Barron and the driver of the station wagon, Patricia Peterson. We affirm.

The pertinent facts are stated in an earlier opinion of this court, *United States Fidelity & Guaranty Co. v. State Farm Mutual Automobile Insurance Co.* (1982), 107 Ill. App. 3d 190, 437 N.E.2d 663. Briefly, Hargis is the owner and operator of Happyland, the day-care center attended by Barron. Peterson, an employee of Happyland, was using a station wagon owned by Happyland to transport children from Happyland to a dance class. Barron was injured while en route to the dance class when a passenger door opened and she fell from the station wagon. At the time, there were 8 to 10 children in the station wagon. Peterson was the only adult in the vehicle. As a result of the occurrence, Barron is a quadriparetic, with impaired sight and severely limited speech.

In the underlying personal injury lawsuit, it is alleged in one count of the complaint that a proximate cause of Barron's injuries was a failure to provide sufficient and adequate supervision of the children. In a separate count, it is alleged that a proximate cause of Barron's injuries was a failure to operate and maintain the station wagon properly. Only general verdict forms were submitted to the jury. The jury returned a verdict of $2,355,787 in favor of Barron and against Hargis, individually and d/b/a Happyland Day Care Center, and Peterson.

At the time of the occurrence, State Farm Mutual Insurance Com-

pany had in effect an automobile liability insurance policy relating to the station wagon, wherein Hargis and Happyland were the named insureds. Government Employees Insurance Company (GEICO) had in effect an automobile liability insurance policy wherein Peterson was the named insured. USF&G had in effect a "Special Multi-Peril Insurance Policy" which it had issued to Laura B. Hargis, individually and d/b/a Happyland Day Care Center. The USF&G policy has the highest policy limits of the three insurance policies. Both State Farm and GEICO have settled claims made against them as a result of the personal injury lawsuit. USF&G denies that its policy covers the occurrence, but it assumed the defense of its insureds, under a reservation of rights, in the personal injury lawsuit.

There is no dispute that the USF&G policy offers coverage for liability resulting from injuries proximately caused by a failure to provide sufficient and adequate supervision of the children. However, USF&G denies that its policy offers coverage because it contains an exclusion clause, which states:

"This insurance does not apply
* * *

(b) to bodily injury arising out of the ownership, maintenance, operation [or] use of
(1) any automobile * * * owned or operated by * * * any insured, or
(2) any other automobile * * * operated by any person in the course of his employment by an insured."

USF&G contends that the policy exclusion bars coverage because the injuries to Barron resulted from the use or operation of the station wagon and because the injuries could not have occurred without the operation or use of the station wagon. We disagree.

■■ ■ USF&G's argument overlooks the fact that there may be more than one proximate cause of an injury. A proximate cause of an injury is any cause which, in natural or probable sequence, produced the injury complained of. It need not be the only cause, nor the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it, causes the injury. See Illinois Pattern Jury Instruction (IPI) Civil, No. 15.01 (2d ed. 1971). If a proximate cause of an injury is within the included coverage of an insurance policy, the included coverage is not voided merely because an additional proximate cause of the injury is a cause which is excluded under the policy. Thus, in order for an injury to be excluded from coverage under an insurance policy, the injury must have been caused solely by a proximate cause which is excluded under the policy. The

insurance carrier has the burden of proof as to whether the injury was caused solely by a proximate cause which is excluded under the policy.

Here, one of the claims upon which the personal injury case went to the jury was that a proximate cause of Barron's injuries was a failure to provide sufficient and adequate supervision of the children. The judgment on the general verdict was not appealed, and it is a final judgment. Plainly, it is now too late to contend that one of the grounds upon which the case went to the jury is not sufficient to support the general verdict. (See generally Ill. Rev. Stat. 1985, ch. 110, par. 2—1201.) It follows that it is also too late to contend that the general verdict was not founded, at least in part, upon a claim that was submitted to the jury. The verdict, like the judgment entered upon the verdict, cannot be collaterally attacked. We therefore believe that the verdict supports the conclusion that a proximate cause of Barron's injuries was a failure to provide sufficient and adequate supervision of the children. In addition, we do not believe that the record in this case establishes that the sole proximate cause of Barron's injuries was the use, operation, or maintenance of the station wagon. Thus, we conclude that USF&G has not met its burden of proving that Barron's injuries were caused solely by a proximate cause excluded under its insurance policy.

Next, USF&G contends that prior to the trial of the personal injury case, Barron and the defendants in that case entered into a settlement agreement to resolve their differences and agreed that any judgment upon a verdict in favor of Barron would be pursued against USF&G. Thus, USF&G argues that the personal injury trial was not a true adversarial proceeding and that the judgment in the personal injury case is infirm. USF&G also argues that the trial court in the declaratory judgment action erred in failing to consider the validity of the alleged agreement among the parties in the personal injury case.

We find nothing in the record to support USF&G's implied arguments of fraud and collusion. Nor do we find anything in the record to suggest that the trial court in the declaratory action did not consider all of USF&G's contentions and arguments. To the contrary, implicit in the trial court's decision is a conclusion that the judgment in the personal injury case was not the product of fraud or collusion. We therefore find no error in the trial court's determination and rulings.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

WHITE and FREEMAN, JJ., concur.