ALLSTATE INSURANCE COMPANY, Plaintiff-Appellee, v. RONALD PANZICA *et al.*, Defendants-Appellants.

Third District   Nos. 3—87—0059, 3—87—0091 cons.

Opinion filed November 16, 1987.

David R. Kozlowski, of Kozlowski, Polito & Feeley, of Joliet (Joseph C. Polito and Louis E. Siciliano, of counsel), for appellants.

Stephen R. Swofford and Peter C. Morse, both of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Kathryn Spalding, of counsel), for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

In April 1984 Dino Nicolazzi, 13 years old, was a passenger on a dirt bike driven by Mateo Panzica, also 13 years old. The bike was owned by Mateo's brother, Paul Panzica. Nicolazzi was killed when the bike collided with a vehicle driven by Raul Gonzales. The accident occurred on a public roadway, four miles from the Panzicas' property.

Aldo Nicolazzi, Dino Nicolazzi's representative, brought suit against Panzica and his parents, Ronald and Martha. The complaint sought recovery against Mateo Panzica for his negligent operation of the bike; it also sought recovery against Ronald and Martha Panzica based upon negligent entrustment of the dirt bike to their son and violation of the Parental Responsibility Law (Ill. Rev. Stat. 1985, ch. 70, par. 53).

Allstate Insurance Company filed a declaratory judgment action against Ronald, Martha and Mateo Panzica and Aldo Nicolazzi. The complaint sought a judicial declaration that the homeowner's and automobile insurance policies issued to Ronald and Martha Panzica did not provide liability coverage for the accident in question. Allstate also filed a motion for summary judgment seeking a declaration that neither policy covered the accident at issue.

Aldo Nicolazzi conceded that the automobile policy did not provide coverage for the accident. He filed a response to the motion for summary judgment supported by an affidavit of Susan Roach. Roach, an English professor, opined that the homeowner's insurance policy was ambiguous and required construction.

The trial court struck Roach's affidavit and granted Allstate's motion for summary judgment.

Nicolazzi appeals the trial court's decision to strike the affidavit of Susan Roach and the grant of summary judgment in Allstate's favor.

■ The Allstate homeowner's policy at issue excludes coverage for bodily injury arising under the ownership, maintenance or use of any motorized land vehicle. The exclusion provides:

"Exclusions—Losses We Do Not Cover

(5) We do not cover bodily injury or property damage arising out of the ownership, maintenance, use, loading or unloading of any motorized land vehicle or trailer. However, this exclusion does not apply to:

(a) a motorized land vehicle in dead storage or used exclusively on the residence premises;

(b) a motorized land vehicle not owned by an insured person when used off the residence premises and which is designed principally for recreational use off public roads ***."

Thus, the plain language of the policy provides liability coverage for an owned motorized land vehicle involved in an accident occurring on the insured premises. It does not provide liability coverage if the motorized vehicle is used off the insured premises. The accident at issue occurred at the intersection of two public streets miles away from the insured premises. Clearly, no coverage is provided.

Nicolazzi also contends that since the bike was not owned by Mr. or Mrs. Panzica, but rather by their son Paul, the exclusion exception pertaining to uninsured persons applies. This assertion is without merit inasmuch as the policy defines insured persons to be the named insured under the policy and "if a resident of your household, any relative." Quite obviously, Paul Panzica, as the insureds' son and household member, is covered by the homeowner's policy.

■ ■ Additionally, Professor Roach's affidavit was properly struck. Affidavits not supported by allegations of fact are not sufficient to defeat a motion for summary judgment. (*Kosten v. St. Anne's Hospital* (1985), 132 Ill. App. 3d 1073, 478 N.E.2d 464.) Furthermore, the application of contract language is a question of law and not one of fact. (*Joseph v. Lake Michigan Mortgage Co.* (1982), 106 Ill. App. 3d 988, 436 N.E.2d 663.) A motion for summary judgment is the appropriate means to have the terms of a contract construed. *Bates v. Select Lake City Theater Operating Co.* (1979), 78 Ill. App. 3d 153, 397 N.E.2d 75.

■ In interpreting a contract of insurance the general rule is that where the provisions of the policy are clear and unambiguous, it is the duty of the court to enforce them according to their plain meaning. (*Thornton v. Illinois Founders Insurance Co.* (1981), 84 Ill. 2d 365,

418 N.E.2d 744.) A trial court's grant of summary judgment will not be reversed absent a showing of abuse of discretion such that plaintiff's right to fundamental justice is violated. (*Fearon v. Mobil Joliet Refining Corp.* (1984), 131 Ill. App. 3d 1, 475 N.E.2d 549.) The insurance policy in the instant case is clear and unambiguous. Its terms specifically exclude coverage for the accident at issue. The trial court properly struck the affidavit and granted summary judgment for Allstate.

Next, we consider whether the court should have dismissed the negligent entrustment and parental responsibility counts upon the motion for summary judgment.

The defendant contends that the case of *United States Fidelity & Guaranty Co. v. State Farm Mutual Automobile Insurance Co.* (1982), 107 Ill. App. 3d 190, 437 N.E.2d 663, supports the reinstatement of the negligent entrustment count. In *USF&G* a complaint was filed against a day care center alleging that while an employee was transporting some children in an automobile, a child fell from the car. The insurer brought a declaratory judgment action against the defendant to determine whether it owed a defense and coverage under the center's policy. The underlying complaint included allegations not related to the use of the automobile, namely, the negligent operation of the day care center and the negligent supervision of the children. The court held that these allegations came within the coverage of the center's general liability policy. The case was remanded and this year the court upheld the trial court's entry of judgment on the verdict that the policy provided coverage. See *United States Fidelity & Guaranty Co. v. State Farm Mutual Automobile Insurance Co.* (1987), 152 Ill. App. 3d 46, 504 N.E.2d 123.

This court finds that *USF&G* is not dispositive of the issue as to whether the negligent entrustment claim was properly resolved at the summary judgment stage in the instant case. In *USF&G* the insurer had failed to show that the injuries were caused solely by a cause excluded under the policy. The complaint in *USF&G* included allegations pertaining to the negligent supervision of the plaintiff and not solely the negligent entrustment to the defendant. Those alternative theories of recovery were held to be potentially within the policy coverage. Ultimately, the court had found that some allegations in the complaint were not related to the center's use of the vehicle, but, rather, constituted separate and independent duties imposed upon the day care center. Such allegations are not present in the case at bar.

■ Specifically focusing on the count of negligent entrustment, we note that in order to state a cause of action for the tort two ele-

ments must appear: (1) a negligent entrustment, and (2) the recklessness or inexperience of the party who received control of the entrusted instrument was the proximate cause of the injury. (*Giers v. Anten* (1978), 68 Ill. App. 3d 535, 386 N.E.2d 82.) The first element concerns itself with conduct only; the second element concerns itself with conduct and an instrumentality.

■ Under Illinois law it is clear that where the instrumentality which causes the injury is excluded, no liability coverage is afforded for negligent entrustment of the instrumentality. This is because an injury resulting from the use of the instrumentality is a necessary element of the cause of action. See *State Farm Fire & Casualty Co. v. McGlawn* (1980), 84 Ill. App. 3d 107, 404 N.E.2d 1122.

■ As we have previously resolved, the policy in question specifically excludes the use of the dirt bike at issue. It is the duty of the court to assign the plain meaning to the exclusionary provision of the policy. (*La Salle National Bank v. American Insurance Co.* (1973), 14 Ill. App. 3d 1027, 303 N.E.2d 770.) So long as the injury arose out of the use of the dirt bike, an excluded instrumentality, the exclusion should prevail. We therefore hold that the Allstate policy does not potentially afford coverage under the negligent entrustment count, and Allstate has no duty to defend upon it.

Because the count regarding the Parental Responsibility Law (Ill. Rev. Stat. 1985, ch. 70, par. 53) is based upon the operation of the dirt bike, and the bike is excluded from the policy, Allstate has no duty to cover under this theory of liability. Summary judgment was properly granted.

For all the foregoing reasons the judgment of the circuit court of Will County is affirmed.

Affirmed.

SCOTT and STOUDER, JJ., concur.