STATE FARM FIRE AND CASUALTY COMPANY *et al.*, Plaintiffs-Appellees, v. ROBERT MANN, Indiv. and as Father and Next Friend of James Mann, a Minor, *et al.*, Defendants-Appellants.

First District (1st Division)   No. 87—3200

Opinion filed June 13, 1988.—Rehearing denied July 28, 1988.

Paul Armstrong, of Chicago, for appellants.

Bixby, Lechner, Yamaguchi & Potratz, P.C., of Chicago (David C. Lechner, of counsel), for appellee State Farm Fire & Casualty Company.

Taylor, Miller, Sprowl, Hoffnagle & Merletti, of Chicago (Roger LeRoy and Eugene P. Griffin, of counsel), for appellee State Farm Mutual Automobile Insurance Company.

JUSTICE QUINLAN delivered the opinion of the court:

Defendant, Patricia McNamara, individually and as mother and next friend of James A. McNamara, brings this appeal from the order of the circuit court of Cook County which granted summary judgment to plaintiffs, State Farm Fire and Casualty Company (State Farm Casualty) and State Farm Mutual Automobile Insurance Company (State Farm Mutual), in their declaratory judgment suits filed against the defendants below. The injuries, which were the basis for the declaratory judgment suits, arose on August 4, 1986, when James Mann lost control of the dirt bike which he was operating, causing James McNamara to be thrown from the back of the bike to the ground. The dirt bike was owned by either Caveniss Allred or his son, Brian Allred. The site of the accident was near the intersection of 157th Street and Brennen Highway in Markham, Illinois. James Mann, James McNamara, and Brian Allred were all minors at the time of the accident.

James McNamara, through his mother, Patricia McNamara, filed a suit against Robert Mann and Caveniss Allred seeking sums in excess of $20,000 from each defendant on theories of negligent entrustment, negligent operation, and negligent supervision. State Farm Mutual filed a declaratory judgment suit on February 17, 1987. State Farm Casualty sent a reservation of rights to the defendants, hired independent defense counsel for them, and on February 27, 1987, filed its declaratory judgment action. On April 8, 1987, the trial court granted the motion of defendant Patricia McNamara to consolidate the two declaratory judgment actions.

In its declaratory judgment suit State Farm Casualty alleged that it had no duty to defend either the Allreds or the Manns in the personal injury suit brought by McNamara because the homeowner policies, which it had issued to the Allreds and to the Manns, specifically excluded medical payments to third parties under the circumstances presented here. In particular, the homeowner policies excluded liability for medical payments to third parties arising out of the use of a "motor vehicle" owned by an insured or loaned to an insured, which it defined as "a motorized land vehicle subject to motor vehicle registration." State Farm Casualty further alleged that the dirt bike was a "motor vehicle" within the policy exclusions when Mann operated the bike on the public highway because the bike then became "a motor-

ized land vehicle subject to motor vehicle registration," both under the policy definition and the State motor vehicle code. State Farm Casualty contended that it, thus, owed no duty to defend the Allreds because the medical payments claimed to be owed McNamara arose out of the use of a motor vehicle owned by the Allreds. Furthermore, it contended that, pursuant to this same exclusion, there was no coverage for McNamara's medical payments under Mann's homeowner policy either, because McNamara's injuries arose out of the use of a motor vehicle loaned to James Mann, which was also a specific exclusion of the policy. In addition, State Farm Casualty asserted that there was a provision in Allred's policy which denied payment for medical injuries to third parties arising out of the entrustment of any motor vehicle by an insured to another. It is State Farm Casualty's position that McNamara's claims that Allred was liable for negligent entrustment fall within the policy's exclusion for injuries arising out of the entrustment of a motorized land conveyance. They contended that Mann's alleged negligent supervision is also excluded from coverage since Mann's negligence is by necessity related to the excluded instrumentality, the motor vehicle, and thus, must be excluded under the policy. State Farm Casualty further noted that it had no duty to defend under either Mann's or Allred's homeowner policy inasmuch as the accident occurred off the insured premises at the intersection of 157th Street and Brennen Highway, and thus, was also a specific exclusion under the policy. Finally, State Farm Casualty contended that it could have no duty to defend or to pay as a matter of law under a "gap" theory of coverage because none of the allegations in McNamara's complaint, even potentially, fit within the homeowner policies issued to Allred and Mann, and insurance policies, like any contract, must be construed according to the plain meaning of their provisions.

State Farm Mutual in its declaratory judgment suit also alleged that it owed no duty to defend or to pay any judgments arising out of this accident because of the specific exclusions within its automobile policies. The policies which State Farm Mutual issued to Robert Mann and to Caveniss Allred defined "car," for the purpose of limiting liability coverage to incidents involving the insured vehicle, as a "land motor vehicle with four or more wheels, which is designed for use mainly on public roads." State Farm Mutual asserted that coverage was excluded here because the dirt bike was a two-wheeled vehicle, not within the coverage contemplated by the policies. State Farm Mutual observed that it had served requests to admit certain facts on the defendants on April 15, 1987, pursuant to Supreme Court Rule 216

(107 Ill. 2d R. 216), seeking to establish that the dirt bike was owned by the Allreds and that it only had two wheels. State Farm Mutual alleged that the defendants Allred and Mann admitted in their responses that the dirt bike was owned by the Allreds and that it had two wheels. Accordingly, State Farm Mutual also argued, as had State Farm Casualty, that it owed no duty to defend or to pay under any "gap" theory of coverage, as a matter of law, since the policies it had issued to Mann and to Allred expressly excluded coverage of two-wheeled vehicles.

Defendant McNamara moved for judgment on the pleadings in her favor and both insurance companies then moved for summary judgment. A hearing was held on all three motions on October 9, 1987. McNamara argued before the trial court that Mann's homeowner and automobile policies were issued by "essentially the same entity" and, thus, should be read together and the "gap" in coverage "should be closed in favor of a common insured." The insurance companies, on the other hand, argued that there was no coverage, as a matter of law, under either of the policies. State Farm Mutual asserted that the automobile insurance policies expressly limited coverage to four-wheeled vehicles, while State Farm Casualty contended that the homeowner insurance policies expressly excluded coverage for motor vehicles used off the insured premises that were either owned by or loaned to an insured and excluded coverage for negligent entrustment and supervision. After hearing argument on the motions, the trial court denied McNamara's motion for judgment on the pleadings and granted the motions of State Farm Casualty and State Farm Mutual for summary judgment.

In stating its findings, the trial court rejected defendant McNamara's "gap theory of policy interpretation" and further noted that there can be no such thing as "common law" insurance coverage. The court held that the homeowner insurance policies were unambiguous and that the allegations of the underlying complaint did not come within the duty to defend, relying primarily on *State Farm Fire & Casualty Co. v. McGlawn* (1980), 84 Ill. App. 3d 107, 404 N.E.2d 1122. The court distinguished the subsequent case of *Tuell v. State Farm Fire & Casualty Co.* (1985), 132 Ill. App. 3d 449, 477 N.E.2d 70, and also rejected defendant McNamara's contentions that the negligent supervision allegation was a separate cause of action. The trial court then granted plaintiff State Farm Mutual summary judgment, relying on *State Farm Mutual Automobile Insurance Co. v. Childers* (1977), 50 Ill. App. 3d 453, 365 N.E.2d 290.

McNamara is the only defendant who has appealed the trial

court's orders of October 9, 1987. She contends that material issues of fact precluded summary judgment in this consolidated case. It is McNamara's argument, both before this court and in the trial court below, that because the plaintiff insurance companies insured Mann's residence and automobiles, that a common law or "gap" insurance coverage should be found which imposed a duty on the insurance companies to defend and which rendered the insurer liable for any judgment in the personal injury suit against Mann, that McNamara had filed in the circuit court of Cook County on behalf of her minor son, James McNamara.

We disagree. We find that the trial court properly granted summary judgment to State Farm Casualty and to State Farm Mutual on their declaratory judgment suits, finding, as a matter of law, that the insurers had neither a duty to defend, nor an obligation to pay any judgments in the underlying personal injury suit against the insureds, concerning, as it did, an accident off the insured premises with an uninsured two-wheeled vehicle.

McNamara concedes that the negligent entrustment provision in the Allred homeowner's insurance policy precluded State Farm Casualty's liability for Allred's alleged negligent entrustment of the dirt bike to his son. However, McNamara argues that State Farm Casualty still owes a duty to defend, and an obligation to pay any judgments against Robert Mann up to his policy limits, for his alleged negligent supervision of his son in the operation of the Allreds' dirt bike. McNamara asserts that even if Mann's homeowner policy excludes coverage for motor vehicles, including dirt bikes, we should still find that she had stated a cause of action for negligent supervision against Robert Mann. In support of her contention that negligent supervision was a separate cause of action that should have survived the summary judgment order, McNamara cites *Tuell v. State Farm Fire & Casualty Co.* (1985), 132 Ill. App. 3d 449, 477 N.E.2d 70, and *United States Fidelity & Guaranty Co. v. State Farm Mutual Automobile Insurance Co.* (1982), 107 Ill. App. 3d 190, 437 N.E.2d 663. These cases, she contends, established that insurance policy exclusions do not control the scope of the coverage if an allegation of the complaint does not relate to the instrumentality used, but relates, instead, to a general duty of supervision.

■ However, we do not find that the cited cases support a finding of coverage under Mann's homeowner insurance policy under the circumstances here. In *Tuell,* unlike the case before this court, the insurance company failed to properly contest coverage through a reservation of rights and by filing a declaratory judgment suit; thus, the

insurance company was estopped from denying coverage. *United States Fidelity* is also distinguishable in that the complaint there alleged negligent acts of the day-care center which were separate and apart from the alleged negligence involving the center's vehicle. In fact, the *United States Fidelity* court limited its holding to cases where the actionable event could be proved independent of the excluded motor vehicle. 107 Ill. App. 3d at 194 n.1, 437 N.E.2d at 666 n.1. See *Allstate Insurance Co. v. Panzica* (1987), 162 Il. App. 3d 589, 592-93, 515 N.E.2d 1299 (court distinguished *United States Fidelity* and held that "[s]o long as the injury arose out of the use of the dirt bike, an excluded instrumentality, the exclusion should prevail").

█▬█ █ Hence, it is clear that an insurance company's obligation to represent its insured depends on the allegation of the complaint and the provisions of the insurance policy. (See *Maryland Casualty Co. v. Peppers* (1976), 64 Ill. 2d 187, 194, 355 N.E.2d 24, 28.) While an insurer's duty to defend is broad, if the complaint does not allege facts, which if true, would be within the coverage of the policy, of course there can be no duty on the insurer to defend. (*Cf. Tuell v. State Farm Fire & Casualty Co.* (1985), 132 Ill. App. 3d 449, 452, 477 N.E.2d 70, 73; *Reis v. Aetna Casualty & Surety Co.* (1978), 69 Ill. App. 3d 777, 784, 387 N.E.2d 700, 705; *Aetna Casualty & Surety Co. v. Coronet Insurance Co.* (1976), 44 Ill. App. 3d 744, 748, 358 N.E.2d 914, 917.) Under a negligent supervision theory, the defendant would have to establish that Robert Mann negligently supervised his son, James Mann, and that such negligence proximately caused McNamara's injuries. Thus, the defendant here would necessarily have to prove that it was Mann's negligent supervision of his son involving the operation of the dirt bike that caused the injuries. (See *Louis Marsch, Inc. v. Pekin Insurance Co.* (1985), 140 Ill. App. 3d 1079, 1084-86, 491 N.E.2d 432, 436-37.)[1] Under those circumstances, we find that the trial court properly interpreted the State Farm Casualty policies to exclude coverage for McNamara's injuries, which were caused solely by the instrumen-

---

[1]We note that it is questionable whether an action for negligent supervision is even recognized in Illinois. (*Cf. West American Insurance Co. v. Hinze* (7th Cir. 1988), 843 F.2d 263, 267.) Furthermore, no such cause of action was stated by the defendant in her complaint, as it was not alleged that the parent was present and had the opportunity to control his son's use of the dirt bike. (*Teter v. Clemens* (1986), 112 Ill. 2d 252, 492 N.E.2d 1340; *Pesek v. Discepolo* (1985), 130 Ill. App. 3d 785, 475 N.E.2d 3.) Here, negligent entrustment and negligent supervision are in essence the same theory, as both involve negligence in relation to the motor vehicle and, as observed earlier, negligent entrustment was clearly excluded from the policy.

tality excluded under the policy, namely the dirt bike. See *United States Fidelity & Guaranty Co. v. State Farm Mutual Automobile Insurance Co.* (1987), 152 Ill. App. 3d 46, 48, 504 N.E.2d 123, 125.

■■ McNamara next argues that although his injuries occurred on 157th Street near Brennen Highway, the accident potentially began within the insured premises and, thus, the insurer still owed a duty to defend the underlying complaint. However, in *Safeco Insurance Co. v. Brimie* (1987), 163 Ill. App. 3d 200, 516 N.E.2d 577, recently decided by this court, a factually similar accident occurred, and the homeowner's insurer filed a declaratory judgment action against its insured and the plaintiff in the underlying wrongful death suit. We affirmed the trial court's order granting summary judgment to the insurer on the ground that the unambiguous definition of "insured location" excluded coverage as a matter of law. Here, as in *Safeco,* there is no doubt that the accident occurred off the insured premises and, hence, coverage under either Allred's or Mann's homeowner's policy is also precluded for that reason.

■■ Lastly, McNamara argues that the Manns never read their homeowner and automobile insurance policies, and had reasonably presumed that they were covered for any act of negligence and, therefore, this court should read together the policies and find a "gap" coverage for this accident. McNamara further asserts that, even if, Robert Mann is deemed to have read his insurance policies, the definition of "car" is ambiguous and should be construed in Mann's favor to include dirt bikes. This argument fails for two reasons. First, all insureds are charged with knowledge of the terms and conditions of their insurance contracts. (See *Florsheim v. Travelers Indemnity Co.* (1979), 75 Ill. App. 3d 298, 307, 393 N.E.2d 1223, 1231.) Second, our courts have clearly rejected the argument that "car" should be construed to include vehicles having fewer or greater than four wheels. (See *State Farm Mutual Automobile Insurance Co. v. Salerno* (1984), 121 Ill. App. 3d 384, 459 N.E.2d 1075 (six-wheeled tow truck is not within the unambiguous definition of "car" as a four-wheel vehicle); *State Farm Mutual Automobile Insurance Co. v. Childers* (1977), 50 Ill. App. 3d 453, 365 N.E.2d 290 (motorcycle is not within the meaning of "automobile" and nothing in the policy itself could induce a belief in the insured that his operation of another's motorcycle was covered).) We believe that the *Childers* and *Salerno* decisions are based on sound public policy reasons and that the coverage of the automobile policies here should not be expanded beyond their unambiguous and intended meaning to include a dirt bike.

For all of the above stated reasons, we affirm the order of the cir-

cuit court of Cook County which granted summary judgment to State Farm Casualty and to State Farm Mutual on their declaratory judgment complaints and which also denied defendant McNamara's motion for judgment on the pleadings in her favor.

Judgment affirmed.

CAMPBELL, P.J., and MANNING, J., concur.