**AUTO–OWNERS INSURANCE COMPANY, Appellant,**

v.

**Mark David SELISKER, Ronald Haglund, trustee for the heirs and next of kin of Winifred Marie Haglund, et al., Respondents.**

No. CX–88–1691.

Court of Appeals of Minnesota.

Feb. 28, 1989.
Review Denied April 24, 1989.

James A. Reding, Reding and Votel, St. Paul, for Auto–Owners Insurance Company, appellant.

William K. Strifert, Taylor Law Firm, P.A., Minneapolis, for Mark David Selisker, respondent.

Harry A. Sieben, Jr., Arthur Kosieradzki, Sieben, Grose, VonHoltum, McCoy, Carey, Ltd., Minneapolis, for Ronald Haglund, trustee for the heirs and next of kin of Winifred Marie Haglund, et al., respondents.

Heard, considered and decided by KALITOWSKI, P.J., and LANSING and FLEMING *, JJ.

## OPINION

LANSING, Judge.

After failing to take medication to control his epilepsy, Mark Selisker drove his car, suffered a seizure, and caused an accident. We conclude that the failure to take the medication is *not* a divisible concurring cause which would implicate coverage under both automobile and homeowner's insurance policies.

## FACTS

While driving near St. Cloud, Mark Selisker suffered an epileptic seizure, blacked out, crossed the median line and collided with a car driven by Elizabeth Haglund. A passenger in the Haglund car, Winifred Haglund, died as a result of the accident.

Selisker has had epilepsy since 1978 and takes a prescription medication, Dilantin, to control seizures. His four prior seizures occurred between 1978 and 1981. Selisker failed to take the prescribed medication before the accident, but does not know how many doses he missed, nor does he remember the accident.

Selisker was insured under his parents' automobile policy and their homeowner's insurance policy, issued by Auto–Owners Insurance Co. (homeowner's insurer). When the Haglunds brought a wrongful death and personal injury action, the auto-

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. VI, § 2.

mobile insurer acknowledged coverage and tendered its policy limits. The homeowner's insurer then brought a declaratory judgment action to determine whether the policy covered the accident. The homeowner's policy contains the following inclusionary language:

> We will pay all sums which an insured person becomes legally obligated to pay as damages because of bodily injury, personal injury (libel, slander, false arrest, malicious prosecution or false imprisonment) or property damage covered by this policy.

The relevant exclusionary language provides:

> Under personal liability coverage * * * we do not cover:
>
> (1) Bodily injury or property damage arising out of the ownership, maintenance, or use of:
>
> *    *    *    *    *    *
>
> (b) Any motorized land vehicle designed for travel on public roads or subject to motor vehicle registration.

On motions for summary judgment in the declaratory action, the trial court ruled the homeowner's coverage applied and directed entry of a partial judgment under Minn.R.Civ.P. 54.02 to allow appeal.

## ISSUE

Was Selisker's failure to take medication to control a seizure disorder a divisible concurring cause of the accident which qualifies as an independent, nonvehicle-related act of negligence?

## ANALYSIS

The concurrent coverage of automobile and homeowner's insurance policies for vehicle-related injuries was recognized in Minnesota in *Waseca Mutual Insurance Co. v. Noska*, 331 N.W.2d 917 (Minn.1983). In *Noska* the insured loaded six 55-gallon steel barrels full of burnt material, including ashes, and drove at approximately 35 miles an hour to a landfill six miles away. As he drove, ashes flew from the uncovered barrels and started massively destructive fires on property adjacent to the high-

way. Noska was covered by three insurance policies—automobile, business and homeowner's. The Supreme Court held that Noska's homeowner's insurer could not deny coverage based on a policy exclusion for claims arising out of the use, maintenance, operation, loading and unloading of automobiles. The supreme court reasoned that two separate and independent acts—placing live embers in the barrels and driving with the barrels uncovered—concurred to cause the accident, and each act was necessary to cause the damage.

Other Minnesota cases have permitted concurrent coverage despite similar exclusionary language. In *Woodrich Construction Co. v. Indemnity Insurance Co.*, 252 Minn. 86, 89 N.W.2d 412 (1958), the Minnesota Supreme Court allowed coverage under both automobile and general business liability insurance policies when a dump truck, on a negligently located turntable, rolled over a person as a result of negligent signaling. In *Jorgensen by Jorgensen v. Auto–Owners Insurance Co.*, 360 N.W.2d 397 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. Apr. 12, 1985), we affirmed concurrent coverage for the act of placing gasoline near a known source of ignition in the trunk of a car; and in *Progressive Casualty Insurance Co. v. Hoekman*, 359 N.W.2d 685 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. Mar. 21, 1985), we extended concurrent coverage for an injury that occurred when a garage door collapsed after it was struck by a car.

As noted in the *Noska* decision, several other states have recognized concurrent coverage. *See State Farm Mutual Automobile Insurance Co. v. Partridge*, 10 Cal. 3d 94, 109 Cal.Rptr. 811, 514 P.2d 123 (1973); *U.S. Fidelity & Guaranty Co. v. State Farm Mutual Automobile Insurance Co.*, 107 Ill.App.3d 190, 63 Ill.Dec. 14, 437 N.E.2d 663 (1982); *LeJeune v. Allstate Insurance Co.*, 365 So.2d 471 (La.1978); *Houser v. Gilbert*, 389 N.W.2d 626 (N.D. 1986); *Lawver v. Boling*, 71 Wis.2d 408, 238 N.W.2d 514 (1976). *See generally* Annotation, *Construction and Effect of Provision Excluding Liability for Automobile–Related Injuries or Damage from*

*Coverage of Homeowner's or Personal Liability Policy,* 6 A.L.R. 4th 555 (1981).

The trial court carefully analyzed *Noska*'s application by comparing the interdependence of the two acts in *Noska* (filling the barrels with embers and driving with the barrels uncovered) to the two acts here (failing to take medication to control epilepsy and driving without having taken the medication). The court concluded that the two sets of acts were parallel and applied the *Noska* rule. On appeal we are required to independently evaluate the application of law as it relates to the undisputed facts. In our view the analysis of *Noska* must incorporate both an analysis of the degree of interdependence of the acts *and* whether they are concurrent.

Historically, concurrent negligence was defined as the wrongful acts or omissions of *two or more persons* acting independently but causing the same injury. *See Mathews v. Mills,* 288 Minn. 16, 21, 178 N.W.2d 841, 844 (1970); *King v. Chicago, Minneapolis & St. Paul Railway Co.,* 77 Minn. 104, 110, 79 N.W. 611, 613 (1899). This definition of concurring negligence requiring two actors or an actor and a force of nature is used to define concurring cause in the jury instruction guide:

> There may be more than one direct cause of an accident. When the effects of negligence of each of two or more persons [or] a person and a force of nature actively work at substantially the same time to cause the accident without either cause being a superseding cause, each may be a direct cause of the accident.

4 Minnesota Practice, CIV. JIG III, 141 (1986).

In *Noska,* the court analyzed concurring cause in the context of insurance coverage to include two acts by the same person. We believe it is significant, however, that although the acts of placing burning material in containers on a truck and driving the truck were both done by one person, they could have been done by two different persons. The *Noska* court explained that each act was a separate risk reasonably contemplated by the two separate coverages for which a premium had been paid, and acknowledged "[t]he objective of this approach is to provide coverage under both policies." *Noska,* 331 N.W.2d at 922–23 (quoting *Lawver,* 71 Wis.2d at 422–23, 238 N.W.2d at 521–22).

The facts in the present case are significantly different. Only Mark Selisker, not two separate persons, could have negligently failed to take his medication and then negligently operated his motor vehicle. The acts are not divisible in the same sense that the acts in *Noska* are divisible. We also perceive the insurance issues as different. Unlike the risks in *Noska,* the failure to take medication which causes an automobile accident would not reasonably be contemplated as a risk covered by a premium paid for homeowner's insurance. An accident caused by failure to take medication is comparable to an accident caused by leaving eyeglasses at home or consuming alcohol at home, risks characteristically associated with and covered by automobile insurance policies.

Coverage for Selisker's negligence was unquestionably available under his automobile liability policy. We do not think it can fairly be said that the failure to take medication is a divisible act of concurrent negligence which permits coverage under both automobile and homeowner's policies.

DECISION

REVERSED.