INSURANCE COMPANY OF NORTH AMERICA, Plaintiff-Appellee, v. DINO KRIGOS, a Minor, by his Mother and Natural Guardian, Voula Krigos, *et al.*, Defendants (Johann Kraus, Defendant-Appellant).

First District (1st Division)   No. 1—88—3721

Opinion filed March 6, 1990.—Modified on denial of rehearing April 23, 1990.

Edward L. Osowski, of Chicago (James G. Andros, of counsel), for appellant.

Modesto, Reynolds & McDermott, of Chicago (Michael K. Lulich and Patrick J. Reynolds, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Insurance Company of North America (INA) brought a declaratory judgment action where summary judgments were entered denying coverage on underlying claims for negligent entrustment and negligent supervision. Johann Kraus, plaintiff in the underlying action, appeals. For the reasons below, we affirm.

Johann Kraus was injured in a traffic collision with Dino Krigos, who was driving a car belonging to his mother, Voula Krigos. Kraus sued Ms. Krigos, seeking recovery for negligent entrustment of the car and negligent supervision of Dino. Ms. Krigos filed a claim under her homeowner's insurance policy, written by INA.

INA brought a declaratory judgment action alleging that Ms. Krigos was not covered under her homeowner's policy because it specifically excluded claims arising from motor vehicles, including automobiles. The exclusion stated:

"We will not cover claims that arise because you or another covered person owns, rents, operates or borrows a motor vehicle.

We will not cover claims that arise because you or another person entrusts a motor vehicle to any person."

The trial court entered summary judgment on INA's motion, denying coverage for negligent entrustment, finding that the policy excluded such coverage, and on an amended motion, entered a summary judgment denying coverage for negligent supervision. Kraus, whose underlying action for personal injuries is pending, appeals.

■■ ■ Whether an underlying claim is potentially covered by a policy depends on the language of the policy and the allegations of the underlying complaint. (See *State Farm Fire & Casualty Co. v. Mann* (1988), 172 Ill. App. 3d 68, 526 N.E.2d 389.) Here, the record does not contain the underlying complaint, except the allegations that Ms. Krigos "failed to assert parental guidance and supervision" and was "negligent in asserting parental values." Without the full complaint before us, we presume that the trial court was correct. (*Robles v. Chicago Transit Authority* (1988), 173 Ill. App. 3d 46, 55, 527 N.E.2d 361; *Cooper v. United Development Co.* (1984), 122 Ill. App. 3d 850, 860, 462 N.E.2d 679; *Hirn v. Edgewater Hospital* (1980), 88 Ill. App. 3d 939, 952, 408 N.E.2d 970.) Moreover, independent analysis, taking into consideration the undisputed allegations that were available in the record and resolving any doubts against Kraus, whose duty it was

to provide a sufficient record (*Cooper v. United Development Co.* (1984), 122 Ill. App. 3d 850, 860, 462 N.E.2d 679; *Hirn v. Edgewater Hospital* (1980), 88 Ill. App. 3d 939, 952, 408 N.E.2d 970), reveals nothing to overcome the presumption that the trial court's rulings were correct.

■ First, the language of Ms. Krigos' policy clearly and unambiguously excluded coverage for negligent entrustment. Kraus argues without merit that the failure to include the term "use" in the exclusionary clause made the policy ambiguous, and construing against the drafter, INA, required coverage. But case law, including that cited by Kraus (see *State Farm Fire & Casualty Co. v. McGlawn* (1980), 84 Ill. App. 3d 107, 404 N.E.2d 1122; *United States Fidelity & Guaranty Co. v. State Farm Mutual Automobile Insurance Co.* (1987), 152 Ill. App. 3d 46, 504 N.E.2d 123 (*USF&G II*)), makes clear that how a piece of property became the instrument of injury is irrelevant to claims for negligent entrustment.

■ A claim for negligent entrustment requires an allegation of a negligent entrustment and that the inexperience or recklessness of the person to whom the property was entrusted was the proximate cause of the injury. (*Allstate Insurance Co. v. Panzica* (1987), 162 Ill. App. 3d 589, 593, 515 N.E.2d 1299; *State Farm Fire & Casualty Co. v. McGlawn* (1980), 84 Ill. App. 3d 107, 404 N.E.2d 1122.) The first element concerns the conduct of the person entrusting the instrument; the second concerns both the incompetence of the person to whom the instrument was entrusted and the instrument itself. Because the instrumentality is a necessary element of the claim, there can be no coverage where the instrumentality was excluded (*Panzica*, 162 Ill. App. 3d at 593); if the instrumentality was excluded, it is unnecessary to inquire into how it was involved. Thus, although Ms. Krigos' policy did not specifically exclude the "use" of an automobile, it clearly excluded entrustment of an automobile.

Kraus further contends that Ms. Krigos' policy was ambiguous as it failed to specify whether the term "any person" included a "covered person." Kraus asserts, without basis, that "any person" excluded "covered person," then maintains that because Ms. Krigos entrusted her car to Dino, a covered person, the claim for negligent entrustment was not excluded.

■ But, the adjective "any" typically implies an indeterminate, unqualified, all-inclusive designation, and the policy indicates no intention to limit "any." Kraus contends that INA could easily have drafted the policy to include covered persons in the term "any person," but, as INA notes, qualifying "any person" might have created

ambiguity by implying a meaning for "any" more restrictive than its ordinary meaning. Ms. Krigos' policy clearly and unambiguously excluded negligent entrustment, and the trial court properly denied coverage.

Second, the available record reveals nothing to indicate that the trial court incorrectly denied coverage for the negligent supervision claim. Kraus relies on his ambiguity argument to support his contention that his claim for negligent supervision was covered; but as the policy was unambiguous, the argument is without merit.

Kraus further argues, however, that because Ms. Krigos' policy did not specifically exclude negligent supervision, the claim should be covered. INA counters that because the injuries were caused by an excluded instrumentality, the claim should not be covered. INA's argument is incorrect, but we find no indication that the trial court erred.

INA relies on *State Farm Fire & Casualty Co. v. Mann* (1988), 172 Ill. App. 3d 86, 526 N.E.2d 389, and *Allstate Insurance Co. v. Pruitt* (1988), 177 Ill. App. 3d 407, 532 N.E.2d 401, to support its contention that where an injury was caused by an excluded instrumentality, the claim for negligent supervision was excluded. Both cases arose from mishaps involving motor bikes driven by children of the insured, and both denied coverage for negligent supervision.

INA in effect seeks to expand the "excluded instrumentality" theory that applies to negligent entrustment, a proposition considered and rejected in *West American Insurance Co. v. Hinze* (7th Cir. 1988), 843 F.2d 263, where the insured left his three-year-old grandchild in a car that rolled into Lake Michigan, drowning the child. West American, relying on *Allstate Insurance Co. v. Panzica* (1987), 162 Ill. App. 3d 589, 593, 515 N.E.2d 1299, contended that the auto exclusion in the insured's homeowner's policy applied. The Seventh Circuit rejected West American's contention, however, stating:

> "West American attempts to interpret [*Panzica*] more broadly and apply it more extensively than Illinois will allow.
>
> \*\*\* The 'instrumentality' theory, to the extent it is recognized, is clearly limited to a negligent entrustment action for the explicit reason that negligent entrustment includes by definition a finding of negligence with the entrusted instrument."
>
> *West American*, 843 F.2d at 267.

The Seventh Circuit concluded that the allegations of negligent supervision in the underlying claim were sufficient to show that the claim was potentially within the coverage provided by the policy. (843 F.2d at 267.) *West American*, though not controlling, is persuasive and consistent with the reasoning of applicable cases.

In *United States Fidelity & Guaranty Co. v. State Farm Mutual Automobile Insurance Co.* (1987), 152 Ill. App. 3d 46, 504 N.E.2d 123 (*USF&G II*), a four-year-old child was severely injured when she fell out of a car owned and operated by the day care center she attended. The suit on the child's behalf alleged, *inter alia*, negligent supervision, and the day care center filed a claim for coverage under its general liability policy. The insurer sought to deny coverage because an excluded instrumentality, the car, had been involved in the injury. The court held that the claim was covered, however, because allegations of negligent supervision were based on conduct by the day care center separate and independent of the use of the car. (*USF&G II*, 152 Ill. App. 3d at 48.) *USF&G II* provided the most useful analysis of whether coverage should be provided for negligent supervision, addressing the issue not in terms of the instrumentality, but in terms of proximate cause:

"[T]here may be more than one proximate cause of an injury ***. If a proximate cause of an injury is within the included coverage of an insurance policy, the included coverage is not voided merely because an additional proximate cause of the injury is a cause which is excluded under the policy. Thus, in order for an injury to be excluded from coverage under an insurance policy, the injury must have been caused solely by a proximate cause which is excluded under the policy." *USF&G II*, 152 Ill. App. 3d at 48.

*State Farm Fire & Casualty Co. v. Mann* (1988), 172 Ill. App. 3d 86, 526 N.E.2d 389, and *Allstate Insurance Co. v. Pruitt* (1988), 177 Ill. App. 3d 407, 532 N.E.2d 401, discussed instrumentality, but close reading shows that their rulings were based not on an extension of the "instrumentality" theory, but on the lack of any allegations that negligent supervision was a proximate cause of the injuries; the underlying complaints alleged solely that the injuries arose from the collisions with the motor bikes, an excluded cause. (*Pruitt*, 177 Ill. App. 3d at 411; *Mann*, 172 Ill. App. 3d at 92-93.) In contrast, *USF&G II* and *West American* alleged that the injuries were caused by the failure of the insureds directly to supervise the injured parties, without regard to any other cause.

■ Extrapolating from the proximate cause principle, however, there can be no coverage where the allegations of a complaint, if true, establish that another, excluded, cause of injury severed the causal connection between the injury and the negligent supervision. For example, *USF&G II* and *West American*, which imposed coverage, alleged injury arising directly from the insured's failure to supervise the

child. *Mann* and *Pruitt*, however, which denied coverage, alleged that the injury arose directly from a collision with a vehicle driven by a third party.

Thus, if a policy does not specifically exclude claims arising from negligent supervision, and the underlying complaint alleges negligent supervision as one proximate cause of injury, then coverage should be provided regardless of whether the policy excluded other alleged causes of injury. But where the injury was caused by the unforeseeable result of independent actions by a third party, there was, as a matter of law, no causal link between any negligent supervision and the injury, and coverage will not be provided.

■ Here, Ms. Krigos' policy did not specifically exclude negligent supervision, but, although we have no complaint to examine, the parties do not dispute that Kraus' injuries were directly caused by the collision with the car driven by Dino Krigos. Dino's independent actions in the operation of the car, as a matter of law, severed the causal connection between any negligent supervision by Ms. Krigos and Kraus' injuries.

Further, we find no indication that the trial court was presented with facts or allegations showing that Dino, in his operation of Ms. Krigos' car, did not act independently and upon his own judgment, or that the collision was the foreseeable result of Ms. Krigos' failure to supervise Dino. Thus, while the use of an excluded instrumentality did not, *a priori*, exclude coverage for negligent supervision, the automobile collision was an intervening cause of injury that superseded any failure to supervise, and no set of facts extant in the record could have established potential liability for negligent supervision.

In conclusion, we hold that the record was insufficient to enable a substantive review of the summary judgments, and analysis of the issues based on the record presented reveals nothing to overcome the presumption that the trial court's rulings were correct. Ms. Krigos' homeowner's policy unambiguously excluded claims arising from the entrustment of a motor vehicle, and although the negligent supervision claim was not specifically excluded, a claim for negligent supervision could not be covered because Kraus' injuries were the direct and unforeseeable result of the conduct of a third person. Accordingly, we affirm.

Affirmed.

BUCKLEY, P.J., and CAMPBELL, J., concur.