RICHARD WINTERCORN, a Minor, by Joseph Wintercorn, his Father and Next Friend, Plaintiff-Appellant, *v.* DANIEL RYBICKI *et al.*, Defendants-Appellees.

First District (5th Division)    No. 78-1770

Opinion filed October 26, 1979.

David H. Lucas, Ltd., of Chicago, for appellant.

Jerome, Williams, and Montgomery, Ltd., of Chicago (Barry L. Kroll, John D. Daniels, and Davis A. Novoselsky, of counsel), for appellees.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff appeals from an order granting summary judgment in favor of defendant Edward Rybicki. On appeal he contends that the trial court erred in granting summary judgment where a dispute as to material facts remained.

The following pertinent facts are contained in the record.

Plaintiff originally filed a two-count complaint against defendant Daniel Rybicki. In count I he alleged that as he was conversing and playing with two of his friends on July 18, 1973, he was approached by Daniel Rybicki. Plaintiff further alleged that Daniel Rybicki, after exchanging verbal insults with plaintiff's companions, committed "one or more of the following careless and negligent acts or omissions":

(a) Picked up at random a metal object to throw at the plaintiff and those individuals with whom he was playing;

(b) Failed to warn the plaintiff that he was about to throw the said metal object at the plaintiff's head;

(c) Threw the said metal object at the plaintiff in an indiscriminate manner.

As a result of this conduct defendant alleged that he was struck in the right eye and greatly injured. Plaintiff alleged that at the time of the occurrence he was 12 years old and was free of contributory negligence.

In count II plaintiff repeated the allegations of count I, claiming additionally that defendant's conduct was of a wilful and wanton character.

Plaintiff subsequently amended his complaint to add count III against defendant Edward Rybicki, father of Daniel Rybicki and appellee herein. In count III plaintiff alleged that on the date of the occurrence described in counts I and II, Edward Rybicki "was aware of the violent tendencies of his son or, in the exercise of ordinary care, should have been aware." Plaintiff further alleged in count III that Edward Rybicki was negligent in that he:

(a) Failed to supervise or provide supervision of the defendant, Daniel Rybicki;

(b) Failed to warn the minor plaintiff and/or the minor plaintiff's parents of the violent tendency of the minor defendant, Daniel Rybicki.

Plaintiff claimed that as a direct and proximate result of Edward Rybicki's negligence he was subjected to the attack by Daniel Rybicki and suffered great injury.

Subsequently, defendant Edward Rybicki moved to dismiss count III of the amended complaint for failure to state a cause of action. Following argument on the motion the trial court struck those portions of count III which alleged Edward Rybicki's failure to supervise or negligent supervision of his son Daniel Rybicki. The trial court further ordered that Edward Rybicki answer or otherwise plead to the remaining allegations (failure to warn) of count III. In his answer Edward Rybicki denied that Daniel Rybicki and plaintiff exchanged verbal insults. Rather, he alleged that plaintiff "aggressively insulted, harassed, threatened, and attacked" Daniel Rybicki. Edward Rybicki further denied that his son possessed "violent tendencies." He admitted that he gave no warnings to plaintiff or plaintiff's parents with respect to his son's behavior, but contended that plaintiff was fully aware of Daniel Rybicki's behavior patterns and personality. Finally, Edward Rybicki denied that he was guilty of any negligent acts or omissions as charged in count III.

Edward Rybicki thereafter filed a motion for summary judgment as

to the failure-to-warn allegations of count III. In the support of the motion he argued that no cause of action could be stated for a parent's alleged failure to warn others of the possibility that his child might commit violent acts. Alternatively, Edward Rybicki argued that: (1) the alleged violent tendencies of Daniel Rybicki did not exist, and (2) there could be no liability for a failure to warn plaintiff of something of which he was already aware.

An excerpt from plaintiff's deposition was attached in support of the motion for summary judgment. In his deposition, plaintiff testified that on July 18, 1973, he was delivering newspapers on his bicycle when he observed Daniel Rybicki and Mike Walrath arguing over the fact that "Dan threw something at Mike" two days earlier. As plaintiff got off his bicycle, Mike began to chase Daniel. Mike stopped after about 10 feet while Daniel continued to run to a house at the corner of 99th and Tully. Plaintiff and Mike ran after Daniel because he was swearing at them. Mike and Daniel again began to argue. When Daniel picked up a socket wrench Mike began to chase him again. Daniel ran a block away to 98th and Tully and plaintiff ran after him. Although plaintiff "told him we weren't going to hurt him," plaintiff conceded that Daniel "might have thought that we were going to beat him up." As plaintiff began to walk slowly toward Daniel, "a socket wrench hit me right in the eye." Daniel was about seven to 11 feet from plaintiff at this time. Plaintiff then "jumped on top of him and started hitting him."

Plaintiff further stated that he had a fight with Daniel Rybicki about two weeks prior to the incident. During that fight Daniel "threw a mud ball at my head on top of my head." He did not recall what this fight concerned. He also testified in the deposition that a few weeks prior to July 18, 1973, his younger brother, Robert, came home crying because Daniel Rybicki threw the bat at him.

On August 2, 1978, the trial court granted defendant Edward Rybicki's motion for summary judgment, finding that there was no genuine issue as to any material fact relating to the issue of warning. In the same order the trial court also found that there was no just reason for delaying enforcement or appeal of the earlier order dismissing plaintiff's allegations regarding the failure to supervise. Plaintiff chose to appeal only from that portion of the August 2, 1978, order which granted summary judgment in favor of Edward Rybicki on the issue of warning. Accordingly, the question of whether plaintiff stated a cause of action for failure to supervise or for negligent supervision is not before us.

OPINION

Defendant contends that the trial court erred in granting summary judgment in favor of Edward Rybicki. He argues that a genuine question

of fact remained as to whether Edward Rybicki was negligent in failing to warn him of Daniel Rybicki's "violent tendencies."

■■ It is clear that summary judgment should be granted where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1977, ch. 110, par. 57.) Applying this standard to the instant case, we believe summary judgment was properly granted.

■■ Plaintiff concedes that the general rule in Illinois is that a parent is not responsible for the torts of his minor child merely because of the parent-child relationship. *White v. Seitz* (1930), 342 Ill. 266, 174 N.E. 371.

Plaintiff, however, urges us to adopt the expanded rule of parental liability set forth in section 316 of the Restatement (Second) of Torts. That section provides as follows:

> "A parent is under a duty to exercise reasonable care so to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent
>
> (a) knows or has reason to know that he has the ability to control his child, and
>
> (b) knows or should know of the necessity and opportunity for exercising such control." Restatement (Second) of Torts §316 (1965).

The Illinois Supreme Court has not departed from the general rule of nonliability by adopting section 316. However, in *Cooper v. Meyer* (1977), 50 Ill. App. 3d 69, 365 N.E.2d 201, the Appellate Court for the Fifth District implicitly accepted section 316, but held that, under the facts of the case, plaintiff had not stated a valid cause of action.

■■ We recognize that compelling policy considerations can be stated both in support of and in opposition to the adoption of section 316 in this State. However, under the facts presented in the record before us we do not believe that it is necessary for us to consider the adoption of section 316. It is clear that plaintiff here would not be entitled to recovery even if we were to impose upon Edward Rybicki the duty required by section 316. It is readily apparent from a review of plaintiff's deposition that he was personally aware of, or had reason to be aware of, Daniel Rybicki's "violent tendencies." In his deposition plaintiff, who was 12 years old at the time of the incident, admitted that he was aware of the fact that Daniel Rybicki and Mike Walrath were arguing over the fact that Daniel had thrown an object at Mike a few days earlier. He further admitted that a few weeks earlier Daniel "threw a mud ball at my head on top of my head [*sic*] and I threw him into these bushes." Moreover, he also admitted

that he was aware of the fact that Daniel threw a ball at his brother, Robert Wintercorn, about two weeks prior to July 18, 1973. Plaintiff was therefore aware, at the time of the incident, that on three separate occasions within approximately a two-week period, Daniel Rybicki had resorted to throwing objects at three different persons. He was therefore aware of, or had reason to be aware of, the very tendencies which Edward Rybicki should allegedly have disclosed.

It is clear that the purpose of a warning is to apprise a person of the existence of a danger of which he is not aware and that there is no duty to give warning against obvious or known risks. (*Chisolm v. Stephens* (1977), 47 Ill. App. 3d 999, 365 N.E.2d 80; *Bakovich v. Peoples Gas Light & Coke Co.* (1963), 45 Ill. App. 2d 182, 195 N.E.2d 260.) Since plaintiff was, or had reason to be, aware of the danger here, it cannot be said that Edward Rybicki had a duty to warn plaintiff of that same danger. Daniel Rybicki's "violent tendencies" were no secret to plaintiff.

Additionally, we note that, as in *Cooper v. Meyer* (1977), 50 Ill. App. 3d 69, 365 N.E.2d 201, plaintiff here failed to plead that the parent had any opportunity to warn or alert him of the alleged danger prior to the incident.

Accordingly, we believe the trial court correctly held that no genuine issue of material fact remained to be decided on the question of Edward Rybicki's liability for failure to give warning of his son's "violent tendencies."

For the foregoing reasons the judgment of the circuit court granting summary judgment in favor of Edward Rybicki is affirmed.

Affirmed.

SULLIVAN, P. J., and MEJDA, J., concur.