JOHN WILLIAMS, a Minor, by Hazel Williams, his Mother and Next Friend, Plaintiff-Appellant, v. BUDDY McCOY et al., Defendants (Geraldine Porter, Defendant-Appellee).

Third District   No. 3—86—0382

Opinion filed March 9, 1987.

William K. Brown, of Goldfine & Bowles, P.C., of Peoria, for appellant.

Linn Goldsmith and Roger C. Bolin, both of Boyle, Goldsmith, Shore & Bolin, of Hennepin, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

Plaintiff-appellant, John Williams, by his mother and next friend, Hazel Williams, filed suit against defendant-appellee, Geraldine Porter, and others, for injuries he received when he was struck in the upper arm by a shotgun blast on September 27, 1978. Following a hearing on defendant-appellee's motion, the circuit court of Bureau County entered summary judgment in defendant-appellee's favor.

On the day John was injured, he was only five years old and a kindergarten student. After school that day, he visited Billy McCoy, age six, at the home of the defendant-appellee, one of Billy's baby-sitters. Both boys went to a park and wound up going to Billy's house. Once inside, Billy took a shotgun shell from his father's dresser and loaded a shotgun. Billy allegedly dropped the shotgun on a bed and it discharged. Pellets from the shotgun blast struck John in the upper arm. Injuries resulted in hospitalization and medical care for him.

The present action was filed against Billy's parents and two baby-sitters (defendant-appellee and her daughter). The baby-sitters filed a motion for summary judgment which the trial court granted. The order contained a provision that there was no just reason to delay enforcement of the order. This appeal follows pursuant to Supreme Court Rule 304(a) (103 Ill. 2d R. 304(a)); however, the appeal only concerns the trial court's granting of summary judgment in favor of defendant-appellee, Geraldine Porter. No appeal was taken from the judgment as it relates to the other baby-sitter.

■■ The only issue on review is whether the trial court erred in granting summary judgment. The plaintiff-appellant contends the defendant-appellee owed a duty to exercise reasonable care in the supervision of Billy McCoy and that the question of reasonable care is a question of fact for the jury, thereby precluding summary judgment. Defendant-appellee contends she owed no duty to the plaintiff-appellant and, therefore, the question as to whether a duty exists is properly addressed by a motion for summary judgment.

■■ In a cause of action alleging negligence, such as in the instant case, a plaintiff must establish the existence of a duty, a breach of that duty, and an injury proximately resulting from the breach of the duty. (*Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 440 N.E.2d 96.) The question of duty is a question of law (*Curtis v. County of Cook*

(1983), 98 Ill. 2d 158, 456 N.E.2d 116), and a motion for summary judgment properly addresses an issue of duty (*Horrell v. City of Chicago* (1986), 145 Ill. App. 3d 428, 495 N.E.2d 1259; *Eddings v. Dundee Township Highway Commissioner* (1985), 135 Ill. App. 3d 190, 478 N.E.2d 888).

The parties do not dispute the fact that the defendant-appellee was acting *in loco parentis* with respect to the alleged minor tort-feasor. No cases have been given to us, nor have we found any, with respect to the imposition of a duty on a person acting *in loco parentis* with respect to third parties injured by the child entrusted to such person's care. Therefore, the general rules of law involving the duty of parents with respect to the torts of their children must be applied.

■ The general rule in Illinois has long been that parents are not liable for the torts of their children merely because of that relationship. (*White v. Seitz* (1930), 342 Ill. 266, 174 N.E. 371.) An exception to this general rule has apparently been created based upon section 316 of the Restatement (Second) of Torts (1965). See *Duncan v. Rzonca* (1985), 133 Ill. App. 3d 184, 478 N.E.2d 603; *Cooper v. Meyer* (1977), 50 Ill. App. 3d 69, 365 N.E.2d 201. But see *Wintercorn v. Rybicki* (1979), 78 Ill. App. 3d 179, 397 N.E.2d 485.

Section 316 of the Restatement (Second) of Torts provides:

"Section 316. Duty of Parent to Control Conduct of Child

A parent is under a duty to exercise reasonable care so to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent

(a) knows or has reason to know that he has the ability to control his child, and

(b) knows or should know of the necessity and opportunity for exercising such control." Restatement (Second) of Torts sec. 316 (1965).

■ It seems apparent that this exception, if indeed it exists in Illinois, does not apply to the present case because the defendant-appellee had no notice or knowledge of any previous similar acts committed by the child under her care. (See Restatement (Second) of Torts sec. 316 Appendix, Reporter's Notes, at 21 (1966) ("There must, however, be some specific propensity of the child, of which the parent has notice").) Even a principal case relied upon by the plaintiff-appellant, *Duncan v. Rzonca* (1985), 133 Ill. App. 3d 184, 478 N.E.2d 603, is distinguishable from the facts of the present case for this very reason. In *Duncan*, a police officer brought suit against the parent of a minor child for injuries received in an automobile accident which occurred

during an emergency response to a false robbery alarm set off by the minor at a local bank. On appeal the appellate court reversed the trial court's judgment dismissing the case for failure to state a cause of action and ruled that the minor's mother owed a duty of care to the police officer. The glaring difference between the *Duncan* case and the present case is the fact that the minor's mother in *Duncan* had both the knowledge of the need to control her son, because this was not the first time he had set off the alarm, and also the opportunity to do so. These circumstances are not present in the instant case and we decline to apply any possible exception to the general rule in this case.

Therefore, for the foregoing reasons, the judgment of the circuit court of Bureau County granting summary judgment in favor of the defendant-appellee is affirmed.

Affirmed.

HEIPLE and BARRY, JJ., concur.