ALLSTATE INSURANCE COMPANY, Plaintiff-Appellee, v. ROY PRUITT, JR., a Minor by his Father and Next Friend, Roy Pruitt, Sr., *et al.*, Defendants-Appellants.

First District (4th Division)   No. 87—1814

Opinion filed December 15, 1988.

Thomas A. Clancy, of Chicago, and Blair I. Braverman, of Oak Lawn, for appellants.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, Peter C. Morse, and Kathryn A. Spalding, of counsel), for appellee.

JUSTICE McMORROW delivered the opinion of the court:

Defendants Roy Pruitt, Jr., a minor, his father, Roy Pruitt, Sr., and Michael Anderson appeal from summary judgment for plaintiff, Allstate Insurance Co. (Allstate) in an action for a declaration of rights and obligations under a homeowner's insurance policy issued to Pruitt Sr. by Allstate. We affirm, finding that an exclusion clause in the policy eliminated liability coverage for the claims made against the Pruitts in Anderson's underlying personal injury suit.

BACKGROUND

Allstate brought this action seeking a declaration that it was not obligated to defend or indemnify the Pruitts for claims made against them in a suit filed by Anderson to recover for personal injuries he sustained when he was struck by a minibike being driven by Pruitt Jr. The underlying complaint filed by Anderson alleged that the collision occurred on October 9, 1983, as he was walking in an unincorporated, wooded area in Midlothian, Illinois. Counts I and III of the Anderson complaint alleged negligence and recklessness, respectively, by Pruitt Jr. in his operation of the minibike; count II charged Pruitt Sr. with negligent failure to supervise or control his son; and count IV alleged that Pruitt Sr. was liable for his son's reckless conduct under the Parental Responsibility Law (Ill. Rev. Stat. 1985, ch. 70, par. 51 et seq.). Allstate moved for summary judgment on the basis

that an exclusion clause in the policy issued to Pruitt Sr. operated to remove Anderson's claims from the liability coverage provided by the policy.

The homeowner's policy in effect on the date of the incident contained a "Family Liability Protection" section in which Allstate agreed to provide a defense and "to pay all sums arising from the same loss which an insured person becomes legally obligated to pay as damages because of bodily injury *** covered by this part of the policy." An "insured person" was defined as "you [policy owner] and, if a resident of your household, any relative and any dependent person in your care."

The general insuring provision of the family liability section was followed by a series of provisions enumerating losses not covered by the policy. Among them was the "motor vehicle exclusion clause" relied upon by Allstate in its complaint and motion for summary judgment. The clause stated in pertinent part:

"(5) We do not cover bodily injury or property damage arising out of the ownership, maintenance, use, loading or unloading of any motorized land vehicle or trailer. However, this exclusion does not apply to:

(a) a motorized land vehicle in dead storage or used exclusively on the residence premises;

(b) a motorized land vehicle not owned by an insured person when used off the residence premises and which is designed principally for recreational use off public roads ***."

In its motion for summary judgment, Allstate also asserted that insurance coverage for liability arising out of the use of the minibike on land other than the residence premises was available through the purchase of an "Allstate Recreational Vehicle Policy." Although defendants claimed insufficient knowledge to deny or admit this assertion, they admitted that the minibike was owned by either Pruitt Sr. or Pruitt Jr. and that the accident occurred in an unincorporated wooded area not owned by them. After a hearing, a transcript of which does not appear in the record, the trial court granted Allstate's motion for summary judgment. Defendants appeal from the entry of judgment for Allstate.

OPINION

Defendants do not dispute that the motor vehicle exclusion clause negates coverage for the claims in counts I and III of the complaint alleging negligent and reckless operation of the minibike by Pruitt Jr. They contend, however, that the exclusion is not applicable to the

claims in counts II and IV alleging Pruitt Sr.'s negligent supervision and control of his minor son. Defendants argue that exclusion clauses should be read strictly against the insurer (*e.g.*, *Clemmons v. Travelers Insurance Co.* (1981), 88 Ill. 2d 469, 430 N.E.2d 1104), and that because the one at issue here does not explicitly exclude coverage for liability arising from negligent supervision, Allstate is obligated to defend and indemnify them in Anderson's suit. Relying on *United States Fidelity & Guaranty Co. v. State Farm Mutual Automobile Insurance Co.* (1982), 107 Ill. App. 3d 190, 437 N.E.2d 663 (*USF&G*), defendants assert that "the separate and distinct allegation of failure to supervise may be covered even in a case where negligent operation is also alleged and excluded."

In *USF&G*, the underlying complaint filed against a day-care center and its owner sought recovery for severe injuries to a child who fell out of the day-care center's station wagon while en route to a dance class. The general liability policy at issue provided coverage for damages "arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental to the business of the named insured conducted at or from the insured premises." (107 Ill. App. 3d at 191.) However, it also contained a motor vehicle exclusion clause which stated that the insurance did not apply to damages "arising out of the ownership, maintenance, operation, use, loading or unloading of (1) any automobile *** owned *** [by] any insured or (2) any other automobile *** operated by any person in the course of his employment by any insured." (107 Ill. App. 3d at 191.) In addition to a count alleging, *inter alia*, negligent use and operation of the vehicle, the underlying personal injury complaint contained a count charging the insureds with negligent operation of the day-care center, failure to provide sufficient personnel to adequately care for the children, and failure to maintain sufficient control and discipline over or exercise adequate supervision of them. The appellate court reversed the granting of summary judgment to *USF&G* and stated:

> "[t]he complaint alleges negligent acts which are potentially within the coverage of the policy, such as the failure to adequately supervise the children and the negligent operation of the day care center. These alleged acts are separate and distinct from any allegations relating to the negligent operation of the automobile. *** [I]f the liability of an insured arises from negligent acts which constitute non-auto-related conduct, the policy should be applicable regardless of the automobile exclusion or the fact that an automobile was involved in the oc-

currence. If an occurrence is caused by a risk included within the policy, coverage is not vitiated merely because a separate excluded risk constitutes an additional cause of the occurrence." (107 Ill. App. 3d at 194.)

The court held that USF&G therefore owed a duty to defend the insured in the personal injury suit.

■■ Defendants maintain that *USF&G* is dispositive because that case is "exactly the same" as the case at bar. They argue that, as in *USF&G*, Allstate's duty to provide coverage is not controlled by the instrumentality involved in the injurious occurrence but by the theory of recovery, and that Pruitt Sr.'s negligent supervision of his son constitutes a separate and distinct theory to which the exclusion does not apply.

In our view, defendants' reliance on *USF&G* is misplaced. The policy at issue in *USF&G* was a general liability policy which furnished coverage for "all operations necessary or incidental to the business of the [day-care center] conducted at or from the insured premises." (107 Ill. App. 3d at 191.) The primary business of the day-care center was, by definition, the care of children entrusted to its custody, and the dance class to which the children were being transported was, apparently, part of its curricular operations. Based on these facts, the appellate court found that the underlying complaint described acts of alleged negligence and theories of recovery wholly independent from those relating to the allegedly negligent operation of the automobile. Liability was based on the day-care center's alleged failure to perform various duties assumed and owed by it in the operation of its business, including proper supervision of the child injured while in its care.

*USF&G* is distinguishable from the case at bar in several respects. In this case, count II of Anderson's complaint directed against Pruitt Sr. for negligent supervision merely restated the allegations of count I against Pruitt Jr., which charged the minor with various acts of negligence in his operation of the vehicle. Count II then concluded with the assertion that Pruitt Sr.'s negligent failure to supervise and control that conduct, *i.e.*, the enumerated acts of negligent operation, was a direct and proximate cause of his injuries. Thus, despite defendants' assertions to the contrary, Anderson's theory of recovery against Pruitt Sr. was based solely on the minor's ownership and operation of the minibike off the residence premises. This conduct and the instrumentality involved fall clearly within the exclusion clause.

■ ■ Moreover, the general rule in Illinois has long been that

parents are not liable for the torts of the children merely because of the parent-child relationship. (*Kosrow v. Smith* (1987), 162 Ill. App. 3d 120, 514 N.E.2d 1016; *Wintercorn v. Rybicki* (1979), 78 Ill. App. 3d 179, 397 N.E.2d 485; *White v. Seitz* (1930), 342 Ill. 266, 174 N.E. 371.) An exception to the general rule is proposed in section 316 of Restatement (Second) of Torts as an expansion of parental liability. Section 316 provides:

"Duty of Parent to Control Conduct of Child

A parent is under a duty to exercise reasonable care so to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent

(a) knows or has reason to know that he has the ability to control his child, and

(b) knows or should know of the necessity and opportunity for exercising such control." (Restatement (Second) of Torts §316 (1965).)

Thus, under section 316, a parent can be held liable only if the complaint alleges specific instances of prior conduct sufficient to put the parent on notice that the act complained of was likely to occur (*Kosrow v. Smith* (1987), 162 Ill. App. 3d 120, 514 N.E.2d 1016) and that the parent had the ability to control the child (*Campbell v. Haiges* (1987), 152 Ill. App. 3d 246, 504 N.E.2d 200).

 Although we know of no Illinois case expressly adopting section 316, the complaint at issue here alleges only that Pruitt Sr. negligently failed to control and supervise the conduct of his son. It is devoid of any factual allegations that Pruitt Sr. had the ability to do so or that he had or should have had knowledge that there was a necessity to exercise such control. Therefore, on the basis of the record before us, we do not believe that section 316, even if followed in this State, would be applicable to the instant case to impose a duty upon which liability could be predicated. See, *e.g.*, *Kosrow v. Smith* (1987), 162 Ill. App. 3d 120, 514 N.E.2d 1016; *Williams v. McCoy* (1987), 152 Ill. App. 3d 912, 505 N.E.2d 46; *Campbell v. Haiges* (1987), 152 Ill. App. 3d 246, 504 N.E.2d 200.

Also, while couched in terms of "negligent supervision," the facts underlying the theory of recovery here are, in our view, substantially more similar to those in *Allstate Insurance Co. v. Panzica* (1987), 162 Ill. App. 3d 589, 515 N.E.2d 1299, *Louis Marsch, Inc. v. Pekin Insurance Co.* (1985), 140 Ill. App. 3d 1079, 491 N.E.2d 432, and *State Farm Fire & Casualty Co. v. McGlawn* (1980), 84 Ill. App. 3d 107, 404 N.E.2d 1122, than to those in *USF&G.* In *Panzica* and

*McGlawn*, the underlying complaints alleged negligent entrustment by the defendants of a dirt bike and motorcycle, respectively, to their minor children. In both cases, summary judgment for defendants was upheld on the reasoning that because an injury proximately resulting from the use of the instrumentality is a necessary element in a cause of action for negligent entrustment, and because the policies at issue—which were nearly identical to the one in the case at bar—specifically denied insurance for injuries arising from the use of the dirt bike, there was no coverage. Although *McGlawn*, which the *USF&G* court cited in a footnote without analytic comment, was decided before *USF&G*, the *Panzica* court found that *USF&G* was not dispositive of the case before it. The court noted that "[t]he complaint in *USF&G* included allegations pertaining to the negligent supervision of the plaintiff and not solely the negligent entrustment to the defendant" (*Panzica*, 162 Ill. App. 3d at 592) and that while the *USF&G* complaint was found to contain allegations not related to the day-care center's use of the vehicle, such non-vehicle-related allegations were not present in the complaint against the Panzicas.

In *Louis Marsch, Inc. v. Pekin Insurance Co.* (1985), 140 Ill. App. 3d 1079, 491 N.E.2d 432, count VII of the underlying personal injury action alleged that Marsch had failed to exercise ordinary care in the hiring and training of an employee who was driving a dump truck which struck the plaintiff. After summarizing the findings in both *USF&G* and *McGlawn*, the court stated:

> "[T]here is no liability on Marsch's part under the negligent-hiring count unless [the employee's] negligent or otherwise wrongful conduct in operating the dump truck is also established. This instrumentality is the subject of a specific exclusion in the [insurance] policy. We hold that the *** policy does not potentially afford coverage under the negligent-hiring count *** and [the insurer] has no duty to defend upon it." 140 Ill. App. 3d at 1086.

■ Likewise, in the case before us, liability cannot be imposed upon Pruitt Sr. on the mere fact that he failed to supervise his son. Liability requires, in addition, some negligent act or wrongful conduct by the unsupervised minor which resulted in the injury for which recovery is sought. Since that conduct was Pruitt Jr.'s alleged negligent use and operation of the minibike, the exclusion must prevail.

■ Finally, because count IV, alleging a violation by Pruitt Sr. of the Parental Responsibility Law (Ill. Rev. Stat. 1985, ch. 70, par. 53), is also based on the minor's alleged reckless operation of the mini-

bike on public property and such use of the bike is specifically excluded from coverage, summary judgment for Allstate on this count was also proper. *Allstate Insurance Co. v. Panzica* (1987), 162 Ill. App. 3d 589, 515 N.E.2d 1299.

For the reasons stated, the order of the trial court entering summary judgment for Allstate is affirmed.

Affirmed.

JIGANTI, P.J., and JOHNSON, J., concur.