No. 2--96--0701

             

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

MASSACHUSETTS BAY INSURANCE        )  Appeal from the Circuit Court

COMPANY,                           )  of Du Page County.

                                   )

     Plaintiff-Appellant,          )

                                   )  No. 95--MR--0209

v.                                 )

                                   )

UNIQUE PRESORT SERVICES, INC.;     )

BRIGITTE PESCIA, Adm'x of the      )

Estate of Frederick Pescia,        ) 

Deceased; BRIGITTE PESCIA, Indiv.; )

DANIELLE PESCIA, a Minor, by       )

Mother and Next Friend, Brigitte   )

Pescia; LAURELINE PESCIA, a        )

Minor, by her Mother and Next      )

Friend, Brigitte Pescia; MARIANNE )

PESCIA, a Minor, by her Mother     )

and Next Friend, Brigitte Pescia; )     

JEAN-MARC LEPILLEZ, Indiv.;        )

WANDA LEPILLEZ, Indiv.; KARINE     ) 

LEPILLEZ, a Minor, by her Mother   )

and Next Friend, Wanda Lepillez;   )  

MELINDA LEPILLEZ, a Minor, by her )

Mother and Next Friend, Wanda      ) 

Lepillez; and ANNE-CHRISTINE       ) 

LEPILLEZ, a Minor, by her Mother   )   

and Next Friend, Wanda Lepillez,   )  Honorable   

                                   )  Bonnie M. Wheaton,  

     Defendants-Appellees.         )  Judge, Presiding.      

___________________________________________________________________

     JUSTICE COLWELL delivered the opinion of the court:

     Plaintiff, Massachusetts Bay Insurance Company (MBI), appeals

the trial court's ruling in a declaratory judgment action that MBI

has a duty both to defend and to indemnify its insured, Unique

Presort Services, Inc. (Unique Presort), in a tort action.  MBI

contends that the trial court erred in finding that the allegations

of the underlying complaint trigger a duty for MBI; erred in

relying on unpublished Rule 23 orders in making its ruling; erred

in ruling against MBI in its motion for judgment on the pleadings

by failing to follow established Illinois precedent; and erred in

finding both a duty to defend and a duty to indemnify.  We

reverse.  

     This action arises out of an underlying tort action in which

the insured, Unique Presort, was sued by members of two families

who were involved in a motor vehicle collision with a truck owned

by Unique Presort and operated by a driver employed by Unique

Presort.  The families' complaint alleges that the truck driver was

under the influence of cannabis at the time of the collision.  The

complaint alleged in count XXVII that Unique Presort was liable to

the families because it failed to conduct federally mandated drug

tests of the truck driver.  See 49 C.F.R. §5391.83(a) (1993).  The

question on appeal is whether count XXVII triggers MBI's duty to

defend under its policy with Unique Presort.

     The insurance policy, a commercial general liability policy,

carried an express automobile accident exclusion provision.  When

Unique Presort was served with notice of the underlying action, it

tendered requests for defense to both its vehicle insurer and to

MBI.  MBI filed the instant action seeking a declaratory judgment

pursuant to the section 2--701 of the Code of Civil Procedure (735

ILCS 5/2--701 (West 1992)) that it owed no duty to defend or

indemnify Unique Presort in the underlying action because it arose

out of an automobile collision.  Unique Presort argued in response

that the count alleging liability under the federal drug-testing

statute was not automatically excluded by the auto accident

provision and thus, at a minimum, triggered MBI's duty to defend.

     MBI filed a motion for judgment on the pleadings.  At the

hearing on the motion, MBI presented pertinent appellate authority

supporting its position, and Unique Presort endeavored to

distinguish that authority.  

     The court stated that it had knowledge of certain Rule 23

orders which disclosed this court's position on the legal issue

raised in the motion and entered an order denying the motion for

judgment on the pleadings.

     At the hearing on a motion to reconsider, MBI argued the

impropriety of the court relying on Rule 23 orders in denying the

motion for judgment on the pleadings.

     Counsel for MBI then asked the court to cite for the record

the particular decisions upon which it relied.  The court

responded: "I can't give you the cases right off the top of my

head, but I think that is the state of the law."

     On appeal, MBI contends that the trial court erred in finding

that the insurance contract at issue made MBI liable for coverage

with regard to the underlying complaint; erred in failing to follow

established Illinois precedent in denying MBI's motion for judgment

on the pleadings; erred in relying on unpublished orders in

rendering its judgment; erred in finding MBI liable to defend and

indemnify Unique Presort; and erred in finding MBI liable to

indemnify Unique Presort because the issue of the duty to indemnify

was "premature" until liability was adjudicated in the underlying

action.

     A motion for judgment on the pleadings is brought pursuant to

section 2--615(e) of the Code of Civil Procedure (735 ILCS 5/2-

615(e) (West 1992)).  On a motion for judgment on the pleadings, if

the pleadings put in issue one or more material facts, evidence

must be taken to resolve such issues, and judgment may not be

entered on the pleadings.  In re Estate of Davis, 225 Ill. App. 3d

998, 1000 (1992).  On review, the court must determine whether any

genuine issue of material fact exists and, if not, whether the

moving party was indeed entitled to judgment as a matter of law. 

State Farm Fire & Casualty Co. v. Kleckner, 194 Ill. App. 3d 371,

375 (1990).  Our review of motions brought pursuant to section 2--

615 of the Code of Civil Procedure is de novo.  Kedzie & 103rd

Currency Exchange, Inc. v. Hodge, 156 Ill. 2d 112, 116 (1993). 

     As both parties correctly note, an insurer's duty to defend

arises if the complaint alleges facts that fall within, or

potentially within, the policy's coverage.  Oakley Transport, Inc.

v. Zurich Insurance Co., 271 Ill. App. 3d 716, 719 (1995).  It is

well settled that the allegations of the complaint are dispositive

of the insurer's duty to defend, and not the findings of the

underlying litigation.  Oakley, 271 Ill. App. 3d at 719.  However,

the suggestion made by Unique Presort that the trial court may

consider only the facial allegations and may not consider the

intent of the statute under which the count is brought is an

overstatement.  See Oakley, 271 Ill. App. 3d at 719 n.2; Fidelity

& Casualty Co. v. Envirodyne Engineers, Inc., 122 Ill. App. 3d 301

(1983).  An insurance policy is not intended to be interpreted in

a factual vacuum and without regard to the purpose for which the

insurance policy was written.  Oakley, 271 Ill. App. 3d at 726. 

Rather, the court must determine whether any genuine issue of

material fact is in question.  State Farm, 194 Ill. App. 3d at 375. 

If a review of the allegations in the complaint and the provisions

of the insurance policy disclose that all of the claims are beyond

coverage, an insurer is justified in refusing to defend.  Oakley,

271 Ill. App. 3d at 721.  

     In this case MBI relies heavily on Oakley, a first district

case, and we agree that it is directly on point with regard to

several of the pertinent issues.  In Oakley, an action was brought

against the insured by a third party on a theory of negligent

supervision of its employee, who caused a motor vehicle accident

while in the course of his employment.  The insured tendered a

request for defense to Zurich Insurance Company, the issuer of its

commercial general liability policy, and also to its truck

transport insurer.  Zurich rejected coverage, citing the automobile

exclusion in the parties' commercial general liability policy

agreement.  The insured and the truck transport insurance carrier

sought a declaratory judgment that Zurich had a duty to defend

based on the fact that at least one of the allegations of the

complaint, that alleging negligent supervision, was arguably

unrelated to the automobile exclusion.  Oakley, 271 Ill. App. 3d at

718-19.  The court found that the allegedly negligent supervision

of the employee was derivative of, and dependent upon, the

underlying negligent use of the vehicle.  In legal terms, the court

said, the negligent use of the vehicle by the employee was the very

nexus between the supervisor and the supervisee.  Oakley, 271 Ill.

App. 3d at 726-27.

     In this case, the fact that the injuries occurred in an

automobile accident is the nexus between the plaintiffs' (in the

underlying action) cause of action for personal injuries and the

federal drug-testing regulations.  In the instant case, Unique

Presort argues that the allegations in count XXVII, which allege

negligence for the failure to comply with the federal drug-testing

regulations, do not relate to the "ownership, maintenance, use or

entrustment to others" of any "auto."  MBI responds with a lengthy

exposition about the legislative intent of the federal regulations

governing transportation.  49 C.F.R. §5391.83(a) (1993).  MBI

argues that the regulations are intended to remedy the evil of

intoxicated drivers of transport vehicles upon the public roadways. 

Thus, the underlying plaintiffs cannot bring a cause of action

under a transportation regulation and simultaneously argue that the

regulation merely relates to an employer's duty to conduct drug

testing and is not subject to the automobile exclusion in the MBI

policy.  We agree with MBI's analysis.

     In this case, the underlying plaintiffs' count XXVII is

specifically dependent upon the fact that their injuries occurred

in a vehicle accident.  This drug-testing regulation would not

apply to the underlying plaintiffs' negligence action if their

injuries had been caused by some instrumentality other than a

vehicle.  Thus, the nexus of the negligence alleged in count XXVII

is inextricably intertwined with the policy's excluded

instrumentality, namely, the vehicle.  See Oakley, 271 Ill. App. 3d

at 726-27.

     We note that this court has found that restating the facts of

an occurrence in terms other than those expressly excluded in the

policy does not automatically trigger coverage.  In Allstate

Insurance Co. v. Smiley, 276 Ill. App. 3d 971, 978-79 (1995), we

said that the plaintiff's characterization of the defendant's

negligence as "personal" did not negate the fact that the alleged

negligence arose out of the defendant's business activity, which

was expressly excluded under the insurance policy in question.  In

Allstate, we distinguished United States Fidelity & Guaranty Co. v.

State Farm Mutual Automobile Insurance Co., 107 Ill. App. 3d 190

(1982) (USF&G I), and  United States Fidelity & Guaranty Co. v.

State Farm Mutual Automobile Insurance Co., 152 Ill. App. 3d 46

(1987) (USF&G II) (collectively, USF&G).  In USF&G, a commercial

general liability carrier was found liable to defend and indemnify

its insured, a day-care center, on a personal injury claim.  The

injured child fell out of a car owned by the day-care center.  The

plaintiffs sought recovery against the day-care center on several

theories,  including negligent supervision of the children and

negligent supervision of the employees.  The USF&G court found that

the child's injuries were the result of two separate proximate

causes: the negligence of the day-care center in supervising the

children and the negligence of the employees in operating the

vehicle.  The court said:

     " 'If a proximate cause of an injury is within the included

     coverage of an insurance policy, the included coverage is not

     voided merely because an additional proximate cause of the

     injury is a cause which is excluded under the policy.  Thus,

     in order for an injury to be excluded from coverage under an

     insurance policy, the injury must have been caused solely by

     a proximate cause which is excluded under the policy.' " 

     Allstate, 276 Ill. App. 3d at 981, quoting  USF&G II, 152 Ill.

     App. 3d at 48.  

     However, the Allstate court noted that USF&G could only be

properly understood when read in context with Allstate Insurance

Co. v. Pruitt, 177 Ill. App. 3d 407 (1988).  In Pruitt, the

insured's minor son injured the plaintiff when he ran into him

while riding a motorbike.  The plaintiff sued the son for the

negligent operation of the motorbike and sued the father for the

negligent supervision of the son.  The father's homeowner's

insurance policy carrier rejected the tender of defense, citing the

automobile exclusion in the homeowner's policy.  The Pruitts argued

that " 'the separate and distinct allegation of failure to

supervise may be covered even in a case where negligent operation

is also alleged and excluded.' " Pruitt, 177 Ill. App. 3d at 410. 

The court found that the insurer had no duty to defend or indemnify

the Pruitts.  The court distinguished USF&G as a case in which "the

underlying complaint described acts of alleged negligence and

theories of recovery wholly independent from those relating to the

allegedly negligent operation of the automobile," whereas the claim

of negligent supervision against the senior Pruitt was "based

solely on the minor's ownership and operation of the minibike." 

Pruitt, 177 Ill. App. 3d at 411.  Thus, the Allstate court said,

because the father could be found negligent only if the son were

found negligent, the excluded cause predominated, and the claim was

not covered.  Allstate, 276 Ill. App. 3d at 982.  Put another way,

the USF&G defendants might have been successfully sued for

negligent supervision whether the child was injured falling out of

a car or falling out of a tree.

     In the case sub judice, count XXVII of the underlying

complaint alleging the federal drug regulation is actionable only

because the underlying plaintiffs were injured in a vehicle

collision, since the statute at issue is designed solely to remedy

the problem of intoxicated commercial drivers on the public

roadways.  See 49 C.F.R. §5391.83(a) (1993) ("This subpart applies

to motor carriers and persons who operate a commercial motor

vehicle as defined in this subpart in interstate commerce").  Thus,

as was the case in Pruitt, the excluded cause (the automobile

accident exclusion) predominates over the claim in count XXVII that

Unique Presort failed to comply with the Code Federal Regulations

as it relates to drug testing of its drivers.

     We note that Unique Presort apparently argued the construction

of the term "auto" in the policy before the trial court, but it

does not repeat that argument on appeal, and we therefore will not

consider the construction of the term.  In any event, we would be

bound by the principles of contract construction to give the term

the meaning intended by the parties.  See International Minerals &

Chemical Corp. v. Liberty Mutual Insurance Co., 168 Ill. App. 3d

361, 370 (1988) ("The paramount objective [in construing a policy]

is to give effect to the intent of the parties as expressed by the

terms of the agreement").  Because this is a commercial general

liability policy and was clearly not intended to provide any sort

of vehicle liability insurance coverage, we would conclude that the

exclusion encompasses any vehicle designed to be driven upon the

public roadways.    

     We note the well-settled principle that an insurer's duty to

defend is much broader than the duty to indemnify.  Great West

Steel Industries, Ltd. v. Northbrook Insurance Co., 138 Ill. App.

3d 84, 96 (1985).  As MBI notes in its brief, a carrier may owe a

duty to defend, yet, depending on the proofs at trial, may

ultimately be found to have no duty to indemnify.  See Murphy v.

Urso, 88 Ill. 2d 444 (1981). Thus, even if the trial court had

correctly concluded that MBI had a duty to defend Unique Presort in

this case, it was premature for the court to also find a duty to

indemnify.  That determination could only be made after a trial on

the merits of the underlying cause of action.

     Lastly we address MBI's contention that the trial court abused

its discretion in allegedly relying upon unpublished Rule 23 orders

in rendering judgment in this case.  We note that Unique Presort

argues that the trial court did not rely on Rule 23 orders in its

decision, but only referred to them in passing while relying on

published law.  However, the trial court cited no published

opinions in its ruling, nor does Unique Presort offer any in its

brief.  We also find nothing in the record to indicate specific

Illinois case law upon which the court may have relied.

     We therefore reiterate the widely known principle that Rule 23

orders are not precedential and have no binding force except in the

case in which they were issued.  See Official Reports Advance Sheet

No. 15 (July 20, 1994), R. 23, eff. July 1, 1994; Schlenz v.

Castle, 115 Ill. 2d 135 (1986).

     We conclude that count XXVII of the underlying complaint

alleges no facts that would remove it from the scope of the

automobile accident exclusion provision of the MBI policy.  We find

that MBI was entitled to judgment on the pleadings and that it has

no duty to defend  Unique Presort in the underlying action.

     For the foregoing reasons, the judgment of the circuit court

of Du Page County is reversed, and MBI's motion for judgment on the

pleadings is granted pursuant to this court's authority under Rule

366(a)(5) (155 Ill. 2d R. 366(a)(5)).

     Judgment reversed; motion granted.

     GEIGER, P.J., and BOWMAN, J., concur.