LLOYD NORMAN *et al.*, Plaintiffs-Appellants, v. FORD MOTOR COMPANY *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 85—54

Opinion filed September 9, 1987.

Janette C. Wilson, of Chicago, for appellants.

Winston & Strawn, of Chicago (Kay L. Pick, of counsel), for appellees.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiffs Lloyd Norman, Deborah Norman and Sherron Norman filed a three-count complaint against defendants Ford Motor Company and Ford Motor Credit Corporation. Count I of plaintiffs' complaint sounds in negligence. Count II sounds in breach of the implied warranties of fitness and merchantability pursuant to the Magnason-Moss Warrant Act (15 U.S.C. sec. 2301 *et seq.* (1975)). Count III sounds in strict products liability. The trial court granted summary judgment in favor of defendants. We affirm.

On January 20, 1981, plaintiffs were driving in their automobile when the rear passenger seat of the car began to smolder. Plaintiff Lloyd Norman, who was driving the car at the time, drove into a service station. Plaintiffs then got out of the car, and a service station attendant used a fire extinguisher to smother the heat. The next day plaintiffs had the car towed to their house. Plaintiffs allege that the car was later towed to Burke Ford in Chicago, and from there, to Rena Auto Auction in Chicago, Illinois.

Plaintiffs subsequently filed a three-count complaint in the circuit court against defendants sounding in negligence, breach of warranty and strict products liability. Plaintiffs specifically alleged that the exhaust system, catalytic converter and/or safety devices in the car were defective. Plaintiffs sought injunctive relief and money damages for the damage to the car, and damages for lost profits, lost earnings and emotional distress.

Thereafter, defendants filed their motion for summary judgment with respect to counts I, II and III of plaintiffs' complaint with a supporting memorandum. In their memorandum, defendants alleged that they were entitled to summary judgment on all three counts of plaintiffs' complaint because (1) plaintiffs had presented no evidence of a defect in the automobile, (2) emotional distress and economic damages are not cognizable in the causes of action asserted by plaintiffs and (3) the alleged breach of warranty occurred after the expiration of plaintiffs' warranties on the automobile. On July 3, 1984, the trial court entered an order which allowed plaintiffs 28 days to file a response and defendants 10 days thereafter to file a reply. Plaintiffs filed no response. The case was then transferred to a different trial judge for a hearing on defendants' motion. The hearing was scheduled for September 19, 1984.

On September 19, 1984, counsel for defendants appeared. However, the record is unclear as to whether plaintiffs' counsel or a nonattorney appeared on plaintiffs' behalf. Following a hearing on defendants' motion for summary judgment, the trial court granted summary judgment in defendants' favor on all three counts of plaintiffs' complaint. Plaintiffs then filed a motion for reconsideration in which they stated that defendants would be served with a memorandum in support of plaintiffs' motion on October 22, 1984. No memorandum was filed. On October 19, 1984, the trial court ordered plaintiffs to file their memorandum with the court and serve defendants with a copy by November 11, 1984. The trial court's order also continued the matter for a hearing on November 26, 1984. Thereafter, on November 26, 1984, following argument of counsel, plaintiffs' motion for reconsideration was denied. Neither a copy of plaintiffs' motion for reconsideration nor transcripts of the August 19 and November 26, 1984, hearings are included in the record on appeal.

■ In reaching a decision that summary judgment is warranted, a trial court must construe the pleadings, depositions and affidavits, if any, in the light most favorable to the nonmoving party. If reasonable men could reach different conclusions based on the evidence available, the issues should be submitted to the trier of fact for consideration.

(See *Artis v. Fibre Metal Products* (1983), 115 Ill. App. 3d 228, 231, 450 N.E.2d 756, 758.) Therefore, on appeal from a trial court's entry of summary judgment in favor of a defendant, the only issue is whether the pleadings, depositions, admissions and affidavits, if any, show that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. 115 Ill. App. 3d 228, 231, 450 N.E.2d 756, 758.

█ We initially address count I of plaintiffs' complaint, which sounds in negligence. For a defendant to be liable for negligence, a plaintiff must establish that the defendant had a duty towards plaintiff, defendant breached that duty, and the breach was a proximate cause of plaintiff's injury. (*United States Fidelity & Guaranty Co. v. State Farm Mutual Insurance Co.* (1987), 152 Ill. App. 3d 46, 48, 504 N.E.2d 123, 125.) Plaintiffs bear the burden of proof on each and every element. Here, the theory of plaintiffs' negligence claim is that defendants were negligent in the manufacture and design of the automobile's exhaust system, catalytic converter and safety devices.

█ Our review of the record indicates that plaintiffs offered no competent evidence that defendants were negligent in the design or manufacture of the automobile. Plaintiffs' primary evidence in this regard consisted of their assertion that the rear passenger seat of the automobile would not have smoldered without such negligence in design and manufacturing being present. Plaintiffs' evidence and testimony raise mere possibilities of the reason that the rear passenger seat of their automobile smoldered. Clearly, mere speculation and the raising of possibilities regarding the cause of an accident are insufficient to defeat a motion for summary judgment. Liability in a negligence action cannot be premised upon surmise, conjecture or speculation as to the cause of the injury. Rather, a plaintiff must produce sufficient evidence to establish the elements necessary to set forth a *prima facie* case of negligence. (*D'Olier v. General Motors Corp.* (1986), 145 Ill. App. 3d 543, 548, 495 N.E.2d 1040, 1044.) Here, plaintiffs have failed to set forth a *prima facie* case of negligence. As such, the trial court properly granted summary judgment in defendants' favor on count I of plaintiffs' complaint.

█ Plaintiffs next argue that the trial court improperly granted summary judgment in defendants' favor on count II of their complaint. Count II of plaintiffs' complaint alleges that defendants breached the implied warranties of fitness and merchantability granted to plaintiffs pursuant to the Magnason-Moss Warranty Act. (15 U.S.C. sec. 2301 *et seq.* (1975).) Defendants, however, contend that the trial court properly granted summary judgment in their favor as

to plaintiffs' breach of warranty count "because there was no genuine issue of material fact contrary to the expiration of the warranty period." We agree.

The express written warranty provided to plaintiffs was effective for "12 months or 12,000 miles, whichever comes first." The warranty includes a disclaimer which states:

"To the extent allowed by law, any implied warranty of merchantability or fitness applicable to this vehicle is limited to the 12-month/12,000 mile duration of this written warranty."

A disclaimer limiting the duration of an implied warranty to the duration of the written warranty is permitted by both the Illinois Commercial Code (Ill. Rev. Stat. 1985, ch. 26, par. 2—316) and the Magnason-Moss Act (15 U.S.C. sec. 2308 (1975)), if the limitation is set forth in clear language and appropriately displayed in the contract. Here, the disclaimer limiting plaintiffs' implied warranties is clear and unambiguous, and contained on the first page of plaintiffs' 1979 "Limited Warranty Booklet." The plain language of the disclaimer indicates that plaintiffs' automobile would not be subject to coverage after 12 months or 12,000 miles, whichever occurs first.

Our review of the record indicates that plaintiffs purchased the automobile at issue on July 6, 1979. The alleged smoldering of the rear passenger seat occurred on January 20, 1981, at which time the car was over 1½ years old. The automobile's odometer indicated that the car had been driven 17,729 miles. Clearly, any implied or express warranties available to plaintiffs expired when the automobile was 12 months old or had been driven 12,000 miles, whichever occurred first. Moreover, plaintiffs made no assertions that the limited warranty provision as set forth in the "Limited Warranty Booklet" was unconscionable, unreasonable, or inappropriately set forth in the contract. Therefore, plaintiffs were precluded from asserting a cause of action for breach of warranty against defendants. The trial court correctly entered summary judgment in defendants' behalf on count II of plaintiffs' complaint.

■ We lastly address that portion of plaintiffs' complaint sounding in strict products liability. To establish a *prima facie* case in strict liability, a plaintiff must prove three elements: (1) that an injury resulted from a condition of the product, (2) the condition of the product was unreasonably dangerous, and (3) the condition existed at the time the product left the manufacturer's control. (*D'Olier v. General Motors Corp.* (1986), 145 Ill. App. 3d 543, 547, 495 N.E.2d 1040, 1043; *Artis v. Fibre Metal Products* (1983), 115 Ill. App. 3d 228, 232, 450 N.E.2d 756, 759.) A plaintiff is required to establish a probability that

a defect existed at the time the product left the control of the manufacturer. A defect in the product must be a proximate cause of the injury; a mere possibility of a defect will not suffice. *D'Olier v. General Motors Corp.* (1986), 145 Ill. App. 3d 543, 547, 495 N.E.2d 1040, 1043.

Plaintiffs argue that the smoldering of the automobile's rear passenger seat is sufficient evidence that a defect existed in the Ford Pinto prior to when it left defendants' control. We find no merit in plaintiffs' contention.

■ In a cause of action premised on a theory of strict products liability, "a legal inference of defectiveness may not be drawn merely from evidence that an injury occurred." *(Artis v. Fibre Metal Products* (1983), 115 Ill. App. 3d 228, 232, 450 N.E.2d 756, 759.) The fact that an automobile's rear passenger seat smolders is indicative of a problem in the automobile. However, such a fact, standing alone, is insufficient to establish that there was a defect in the automobile which existed prior to the time that it left the control of the manufacturer. Numerous malfunctions of existing equipment or defects which occurred after the automobile left defendants' control could have caused the automobile's rear passenger seat to smolder. In fact, the evidence here indicates Lloyd Norman testified that the automobile was serviced by a local mechanic and that Norman also performed work on the automobile. Specifically, Norman changed the rotor cap inside the distributor and the distributor wiring himself. Clearly, Norman could be responsible for the damage which occurred to the car.

Moreover, our examination of the record reveals that plaintiffs offered no evidence to establish that a defective condition existed in the automobile at the time that it left the control of Ford Motor Company. Plaintiffs merely made allegations in their complaint of possibilities for the cause of the smoldering of the automobile's back seat. Even considering the pleadings and depositions in the light most favorable to plaintiffs, we find no evidence that the alleged defects could even possibly have existed prior to the automobile's leaving the control of Ford Motor Company.

■ Plaintiffs likewise presented no expert testimony regarding the cause of the alleged smoldering. Nor was there evidence presented that the automobile's exhaust system, catalytic converter and/or safety devices were examined for defects. Rather, plaintiffs merely provided the trial court with a record devoid of evidence and inundated with conjecture and speculation. We, therefore, believe that based on our review of plaintiffs' testimony, as well as all of the other evidence presented, plaintiffs failed to present sufficient competent

evidence to establish that the automobile in question was defective when it left the control of defendants. We find no error in the trial court's entry of summary judgment in defendants' favor on count III of plaintiffs' complaint sounding in strict products liability.

Accordingly, the judgment of the trial court granting summary judgment in favor of defendants on plaintiffs' three-count complaint is affirmed.

Judgment affirmed.

McNAMARA, P.J., and WHITE, J., concur.